### F. O. CROMWELL v. THE STATE.

No. 753.    Decided November 2, 1910.

**1.—Aggravated Assault—Information—Intent to Injure.**

In a prosecution for aggravated assault it is not necessary that the indictment or information should allege an intent to injure. Following Ferguson v. State, 4 Texas Crim. App., 156, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, by pointing a deadly weapon at the prosecutor, the evidence was sufficient to sustain the conviction, the same will not be disturbed.

Appeal from the County Court of Howard. Tried below before the Hon. M. H. Morrison.

Appeal from a conviction of aggravated assault; penalty, a fine of $35.

The testimony for the State showed that the defendant held the pistol upon the prosecutor for awhile, saying that he had gotten the gun especially for the prosecutor; that the prosecutor told defendant he would get an officer to attend to him, went away and defendant followed him for some distance; that there was some ill-feeling between the parties, and that they were but a short distance apart at the time the pistol was drawn.

The opinion states the case.

*S. H. Morrison,* for appellant.—On question of alleging intent to injure in the information: White's Penal Code, art. 587, and art. 601, subdiv. a; Hill v. State, 34 Texas, 624; Grayson v. State, 37 Texas, 228; White v. State, 29 Texas Crim. App., 530, 16 S. W. Rep., 340; Flournoy v. State, 25 Texas Crim. App., 244, 7 S. W. Rep., 865; Ware v. State, 24 Texas Crim. App., 521, 7 S. W. Rep., 240; Floyd v. State, 29 Texas Crim. App., 341, 15 S. W. Rep., 819.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The information was filed against the appellant charging him with an aggravated assault upon one C. A. Vaughn by then and there pointing a deadly weapon, to wit, a pistol, at the said C. A. Vaughn. His punishment resulted in a conviction of aggravated assault with a fine of $35.

We do not find in the record any bills of exception or complaint of the charge of the court. The court charged on both aggravated and simple assault.

There are but two points made in the motion for new trial and on this appeal. First, that the information charges no offense, and second, the evidence is wholly insufficient to sustain the verdict; it being insisted that the information only alleged an aggravated assault by pointing a deadly weapon and that it should have further alleged with intent to injure. The information does not allege a battery. It just simply alleges he was guilty of an aggravated assault by pointing a pistol, the same being a deadly weapon, at C. A. Vaughn. We are of opinion that this point is not well taken. In the case of Ferguson v. State, 4 Texas Crim. App., 156, it was held not necessary in an indictment for an aggravated assault to allege an intent to injure. Also to the same effect see Hartman's case, 41 Texas, 562; Bronson v. State, 26 Texas Crim. App., 46.

Without setting out the testimony it is sufficient to say that we think the verdict is sustained by the evidence. The manner in which the pistol was handled and used showed that the same was an

assault.    It is true defendant set up self-defense.    This issue was submitted by the court in its charge to the jury.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*