ERNEST KOONTZ v. THE STATE.

No. 6867. Decided May 24, 1922.

**1.—Aggravated Assault—Other Evidence—Rule Stated.**

Where, upon trial of aggravated assault by inflicting serious bodily injury, the evidence sustained the conviction, there was no reversible error, and the question that the appellant wore spurs and kicked the injured party

being admitted without objection, the admission of other evidence on the same subject was not reversible error.

2.—Same—Rehearing—Res Gestae—Intent—Allegations.

While it is true that the jury could not appropriate the evidence that defendant wore spurs, the assault not alleged, not stating to have been made with spurs; yet it was admissible as a part of the *res gestae* as throwing light on defendant's intent. Following Erving v. State, 70 Texas Crim. Rep., 222, and other cases.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of aggravated assault; penalty, sixty days in the county jail.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for aggravated assault; punishment fixed at confinement in the county jail for sixty days.

The indictment charges the assault in these words:

"* * * did then and there unlawfully in and upon Riley Lynn, commit an aggravated assault; and the said Ernest Koontz did then and there strike and kick the said Riley Lynn with his hands and feet, and did then and there and thereby inflict serious bodily injury upon the said Riley Lynn."

It appears from the evidence that Lynn had a load of watermelons for sale. As appellant passed him, Lynn asked him whether he wanted to buy a melon, to which he replied "no." After he passed, Lynn continued hollering "water-melons." Koontz, after walking some twenty steps, came back and said: "Fellow, what did you insult me for?" Lynn replied: "I did not insult you." Koontz then said: "Why, you did, and get out and fight me like a man." Lynn disclaimed insulting him. He finally got out of the wagon. The evidence is conflicting touching which struck the first blow. The appellant struck Lynn several times with his fist, knocked him down and "stomped" him with his feet. The injuries suffered by Lynn were described by several witnesses:

Doctor Atkinson testified, in substance, that in his examination he found no discoloration about the chest. There was a cut just above Lynn's left ear, and another from his lip, running down towards his right cheek bone. There were minor cuts about his left ear, but the one on his lip was the principal cut, which required six stitches to sew it up. There were also bruised places and discoloration about

his face. The cuts were made by some jagged instrument, and might have been made with a spur, but could not have been made with a man's fist and the heel of a boot. Lynn was very sick and vomited blood, but it could not be said whether it was blood from an internal injury or blood that had been swallowed. He was unconscious, but the doctor was unable to discover the exact cause thereof. The injuries were considered serious.

We think the allegations in the indictment were sufficient to charge a battery. We find two bills of exceptions; in each of which complaint is made of the receipt of evidence that at the time of the difficulty the appellant wore spurs upon his feet. Bill No. 1 complains of the admission of such testimony through the witness Atkinson. Bill No. 2 complains of its admission through the witness Mrs. S. A. Walton. Turning to the statement of facts, we find that the witness H. A. Walton testified that at the time appellant "stomped" and kicked Lynn, *he had spurs on each of his feet.* That there were spurs upon the feet of the appellant was not controverted. There is a well-established rule of evidence that when a fact is proven without objection, ordinarily the admission of other evidence to the same point, over objection, *does not justify a reversal.* Charles v. State, 85 Texas Crim. Rep. 534; 213 S. W. Rep. 266; Wagner v. State, 50 Texas Crim. Rep. 306. The application of this principle to the instant case is apparent.

We note also in the agreed statement of facts, purporting by its terms to embrace all the testimony, that neither the witness Mrs. S. A. Walton nor Atkinson makes any reference to spurs on the feet of appellant, but that appears in the testimony of H. A. Walton alone. The evidence, we think, is sufficient to show that the injuries were serious without reference to those which were traceable to the spurs. The court, in a very specific manner, instructed the jury that in determining whether the injuries were serious, they would take no account of any injuries that may have been inflicted by reason of the spurs.

We are unable to persuade ourselves that there is anything revealed in the record requiring a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

May 24, 1922.

HAWKINS, JUDGE.—Bills of exception one and two show that witnesses Atkinson and *S. A.* Walton, over objection, testified that appellant had on spurs when he was "stomping" Lynn. All bills of exception must necessarily be considered in relation to the facts in evidence. The statement of facts show that *H. A.* Walton, a son of S. A. Walton, also testified without objection that appellant had on

spurs. In support of the proposition that when a fact is proven without objection, the admission of other evidence on the same point, over objection, does not ordinarily justify reversal, in addition to the cases referred to in the original opinion, we cite, Rogers v. State, 26 Texas Crim. App., 404. We are further of opinion there was no error in the admission of this testimony even over objection. It is true same could not be appropriated by the jury to base a conviction thereon, the assault not being alleged to have been made with spurs; but it was admissible as a part of the res gestae, and as throwing light on appellant's intent. Richards v. State, 3 Texas Crim. App., 423; Irving v. State, 70 Texas Crim. Rep., 222.

The motion for rehearing is overruled.

*Overruled.*