TRUE ABLES v. THE STATE.

No. 9446. Delivered June 24, 1925.

Rehearing Denied October 28, 1925.

1.—Bigamy—Continuance—Deligence—Insufficient—Properly Refused.

Where on a trial for bigamy, the indictment was returned on December 4th and the case called on January 19th, following, and no process issued by appellant for his witnesses until the 2nd day of January, and no return made on process issued for witnesses out of the county, and no further effort made to secure their attendance, we do not believe this was sufficient diligence to entitle appellant to a continuance, and his first application for a continuance was properly refused.

2.—Same—Argument of Counsel—Held Not Improper.

Where appellant complains of the argument of counsel for the state to the effect "that the defendant is a perjurer, and you cannot consider his testimony," the court having sustained the objection to said statement and instructed the jury not to consider same, no error of a serious nature is shown, and we are not convinced that the argument was not warranted by the testimony disclosed in the record.

3.—Same—Continued.

The statement of counsel for the state "that appellant had been indicted on several other charges, and to put him where he belonged, that he had been scratching the paint off the door of the penitentiary long enough." Appellant himself testified that he had been indicted for felonies, within two years prior to the date of the trial, and under the conditions of the record, we perceive no error in the matter.

3.—Same—Impeaching Defendant—Other Indictments—Properly Admitted.

Where appellant testified in his own behalf, the state was properly permitted to prove by him on cross-examination that he had been indicted in Hopkins County four or five times, within two years next preceding his trial, for felonies, and had been placed in the county jail under such charges, and where such testimony was properly limited in the court's charge to the pur- pose of impeachment, no error is presented.

ON REHEARING.

4.—Same—New Trial—Newly Discovered Evidence—Practice in Trial Court.

Where a motion for a new trial is predicated upon newly discovered evi- dence, to warrant the granting of a new trial it must appear to the trial

judge; 1st. That the failure to discover the new evidence before the trial, was not due to any lack of diligence by the defendant to discover same. 2nd. That the absent witness would probably testify as set out in the motion. 3rd. That the testimony of such witness would be productive of a more favorable verdict to defendant upon another trial. All of these matters are within the sound discretion of the trial judge to pass upon, and unless injury is shown in the abuse of this discretion, the action of the trial judge will not be disturbed.

5.—Same—Evidence—Held Sufficient.

Where on a trial for bigamy, the first marriage license being fully identified and introduced, together with the certificate of the minister who performed the first ceremony, appellant's contention that this first marriage was void because the license was spurious, and a forgery, is not in the least impressive. The evidence is ample to support the verdict, and no reversible errors appearing in the record, the motion for a rehearing is overruled.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction of bigamy; penalty, three years in the penitentiary.

The opinion states the case.

*J. Lee Cearley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Eastland County for the offense of bigamy and his punishment assessed at confinement in the penitentiary for a term of three years.

Bill of exceptions No. 1, complains at the court's action in overruling his application for a continuance. The record shows that the appellant was indicted on the 4th day of December and that the case was called for trial on the 19th day of January following and the only diligence used by appellant to procure the attendance of the absent witnesses was that on the 2d day of January he made application for the witnesses and that the clerk mailed to the sheriff of the different counties where the said witnesses were alleged to live supoenas for same and that there had been no return showing the whereabouts of any of the said witnesses or giving any reason why the said subpoenas were not served. We think the appellant wholly lacking in diligence with reference to these witnesses. We do not understand that appellant has the right to a continuance where there has been no greater effort on his part to have the witnesses subpoenaed than is shown by the foregoing, and so believing we conclude that the court did not err in overruling his first application for a continuance.

We may add that a careful examination of the statement of the facts adduced on the trial of the case fails to convince us that the

facts which appellant expected to prove by the absent witnesses were of such importance as to have justified the court in granting the defendant a new trial on account of their absence.

Bill of exception N. 2, complains at the argument of the State's counsel to the effect "that the defendant is a perjurer and you cannot consider his testimony." The court qualifies this bill by stating that counsel really told the jury that they had examined the license which had been admitted in evidence in this case and heard the testimony of the defendant and that defendant had perjured himself in connection with this testimony and that the jury could not consider his testimony. The court further certified that on the defendant objecting to the argument, he instructed the jury not to consider the same. We think this action of the court protected every right that appellant could have possibly had in the matter. We are not convinced that the argument was not warranted by the testimony disclosed by the record and it was certainly not of such an inflammatory nature as to warrant us in reversing the case after the court had excluded the same from the consideration of the jury.

Appellant complains at the statement of the State's counsel to the effect, "That the evidence in this case shows that the defendant has been indicted on several other charges, and gentlemen of the jury, you should put him where he belongs. The defendant has been scratching paint off of the penitentiary door long enough." The bill shows that the court orally instructed the jury to disregard this argument and shows that no written charge was requested asking the jury not to consider it. The bill further shows that the evidence from the appellant himself shows that he had been indicted within a year or two prior to the date of the trial and the indictments against him charged a felony. Under this condition of the record, we perceive no error in the matter.

Bill No. 4, complains at the court's action in permitting the State's counsel to ask the defendant while on the stand if it was not a fact that he had been indicted in Hopkins County four or five times, and if he was not placed in jail under said indictments, and that defendant was forced to tell that he was. The bill shows that this testimony was excluded by the court until it developed from the defendant's testimony that the date of such transactions was within two years from the date of said trial and when this was done the court admitted the testimony but properly limited it in his charge to the jury. In this State of the record no error is perceived.

The only serious question raised by the appellant in any of his bills is that disclosed by bill of exception No. 5. This bill shows that while the father of the appellant was on the stand as a witness in his son's behalf, the prosecuting attorney was permitted to ask the witness if it was not a fact that the appellant was indicted by

101 T. C.—31.

the grand jury of Hopkins County, and had been indicted four or five times, and the witness was permitted to testify that the appellant had been indicted four or five times and that he was in jail in Hopkins County on said charges but they were never tried. The admission of this testimony from a witness other than the defendant himself was improper, as such transactions were purely extraneous in this case. It was however permissible to prove by the appellant while a witness in his own behalf for the purpose of testing his credibility as a witness that he had been recently indicted for other offenses involving a charge of felony or a misdemeanor involving moral turpitude and these facts had already been introduced in evidence by the State in its cross-examination of the appellant while testifying as a witness in his own behalf; and while we hold that in this case it was error for the State to prove these independent charges against the appellant by another witness, yet we cannot say in view of the fact that the same evidence was already before the jury from the lips of the defendant and in view of the fact that he had been so charged with other offenses, that the admission of this testimony from the father of the appellant was of such prejudicial effect as to warrant us in reversing the case. Wagner v. State, 53 Tex. Crim. Rep. 306.

The court very carefully guarded the appellant's rights concerning this testimony of other offenses in his charge to the jury and pertinently and clearly instructed them that it could not be considered for any other purpose than for the purpose of assisting the jury, if it did assist them, in passing upon the credibility of the defendant as a witness in the case on trial. Under these circumstances, we hold that no reversible error was shown by the admission of this testimony.

We have carefully considered appellant's special charges and so far they are applicable to the facts in this case they are fully covered by the court in his main charge to the jury.

Finding no reversible error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant insists that we erred in upholding the court's action in refusing to continue this case. We have again reviewed the matter and add to what we said in our former

opinion that it appears to us that had the absent witnesses been present their testimony would not likely have been sufficient to change the result of the trial, and also that the learned trial judge was fully justified in concluding that had the witnesses been present they would not have testified as set out in the application. The charge against appellant was bigamy. The original marriage license under which he first married was present in court and identified by the county clerk who issued it. No change appeared on the face of the document which was returned duly executed by the minister who performed the marriage ceremony. Appellant set up that he expected to prove by his absent witnesses that they were present when the original. marriage license procured by him was torn up by him and another one issued to other parties was changed by the erasure of the names of said other parties and the insertion of the names of appellant and the girl whom he first married,—appellant's claim being that his first marriage was void because the license used by him was spurious.

We have again reviewed appellant's complaint of the refusal of the court to instruct the jury regarding the argument of counsel. We think this matter correctly disposed of in the original opinion.

On the trial of the case it was shown by appellant himself that he had been under indictment in other felony charges, and this same fact was proven by appellant's father while testifying for the defense. We think the court's limitation upon this testimony in the charge was correct and that the matter was properly disposed of in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*