### LONIE HOUSTON V. THE STATE.

No. 9760.    Delivered May 19, 1926.

Rehearing denied June 23, 1926.

1.—Rape—Evidence—Properly Excluded.

Where, on a trial for statutory rape, the court properly excluded testimony that prosecutrix had stated that another man, Mat Larry, had made love to her, and that she loved him better than she loved the appellant. This excluded testimony was without probative force, in that it did not show that Larry was in a position to have been the cause of her condition.

2.—Same—Continued.

It was held by the court in the case of Atkeison v. State, 273 S. W. 595, that the appellant should be permitted to prove that during the time he was keeping company with prosecutrix, she knew other young men, and that during said time she kept company with other young men. We held this testimony admissible in that it tended in a degree to explain the pregnancy of the prosecutrix, which she charged to the appellant, but the mere fact that Larry made love to her, and that she loved him, would not show that Larry was in a position to have been the cause of her condition. Distinguishing Atkeison v. State, 273 S. W. 595, and Lusty v. State, 261 S. W. 775

**3.—Same—Evidence—Admitted Without Objection—No Error Shown.**

Where the prosecutrix was permitted to testify without objection by the appellant that she told her father and mother of the act of intercourse with her about a month after it occurred, there was no reversible error in permitting the father, after she had so testified, to also testify to the same fact.

**4.—Same—Charge of Court—On Alibi—Held Correct.**

Where the court in his main charge on the defensive issue of an alibi instructed the jury, "Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense, if any, was committed, at the time of the commission thereof, you will find the defendant not guilty." We think this charge an accurate statement of the law, and there was no error in refusing a special charge on the same subject, requested by the appellant. Following Gallaher v. State, 28 Tex. Crim. App. 247, and other cases cited.

ON REHEARING.

**5.—Same—Evidence—Properly Admitted.**

It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony. In the light of this rule the admission of the testimony of prosecutrix's father that prosecutrix had told him of the act of intercourse by appellant with her, would not warrant a reversal of the case, and the motion for rehearing is overruled.

Appeal from the District Court of Fayette County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*Moss & Lawry* of La Grange, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is statutory rape and the punishment is five years in the penitentiary.

The state's testimony discloses that the prosecutrix was under fifteen years of age at the time of the act of intercourse and that appellant had intercourse with her with her consent. The testimony further shows that as a result of these relations prosecutrix was pregnant at the time of the trial. She testified that appellant was the only man that had had intercourse with her and that he had intercourse with her only one time.

Appellant denied any illicit relations with prosecutrix and introduced testimony tending to support his defense of an alibi.

Complaint is made by appellant at the court's action in excluding testimony of prosecutrix to the following effect:

"Yes, sir, I did say a few days or so after Lonie Houston was arrested, in the presence of Mr. George Cole and my father and mother and this boy's father and his mother up at my house that Mat Larry had made love to me and that I loved Mat Larry better than I did Lonie Houston."

Appellant contends that the exclusion of this testimony constitutes reversible error and cites as authority Atkeison v. State, 273 S. W. 595, and Lusty v. State, 261 S. W. 775. The Atkeison case, supra, is nearer in point than the other case cited by the appellant. A careful consideration of this bill of exceptions, however, convinces us that the excluded testimony does not come within the rule announced in the Atkeison case. That case was reversed because the court refused to permit the appellant to prove by prosecutrix that *during the time he was keeping company with her* she knew other young men and that *during said time she kept company with other young men*. We held this testimony admissible in that it tended in a degree to explain the pregnancy of the prosecutrix, which she charged to the appellant. We held that he had the right to show that others were in a position to have been the cause of her condition. In the instant case the facts are different. The bill of exception fails to show any association between the prosecutrix and Mat Larry at any time or place that might have explained the issue of her pregnancy in a manner consistent with the appellant's innocence. It is well settled that the bill of exceptions must show error on the part of the trial court in excluding testimony before a case will be reversed on account thereof. Of course, if this bill of exceptions had shown that Mat Larry was keeping company with the prosecutrix at the time that she became pregnant, as was done in the Atkeison case, supra, then a different question would be presented. But the mere fact that he may have made love to her and that she loved him better than she did appellant is not of sufficient probative force to prove anything. This love-making between them so far as the bill shows may have taken place at a remote period prior to the time that she became pregnant. If so, it shed no light on her condition and did not show that Larry was in a position to have been the cause of her condition. The bill as presented, we think, shows no error.

By another bill appellant complains at the court's action in permitting the father of prosecutrix to testify that she told him a month after the alleged act of intercourse that the appellant

had intercourse with her. This bill might present a serious question but for the fact that the prosecutrix herself testified on cross-examination that she told her mother who it was before she went to the doctor and the record discloses that she went to the doctor about the same time she told her father. She further testified on re-direct examination without objection, as follows:

"I say that when my father asked me about this, I didn't ask him right then. My mother then asked me right there, and then I told. She asked me what boy I had been fooling with; I told her Lonie Houston, this defendant. That was there on the same occasion. This was on a Sunday, and they took me to a doctor on Monday. Before they took me to the doctor, I had already told them who it was; I told them it was this man."

In view of the fact that this testimony was already in the record, without objection, it is not necessary to cite authorities to the effect that its introduction through another witness is not reversible error.

Appellant also reserves an exception to the court's action in refusing his special charge. This charge sought to present the issue of an alibi. The court in his main charge submitted this issue in as favorable light as appellant was entitled to ask. After defining alibi he instructed the jury as follows:

"Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense, if any, was committed, at the time of the commission thereof, you will find the defendant not guilty."

We think this charge was a more accurate statement of the law than that contained in the special charge offered. Gallaher v. State, 28 Tex. Crim. App. 247; 12 S. W. 1087. Harris v. State, 31 Tex. Crim. Rep. 416; 20 S. W. 916. Hines v. State, 40 Tex. Crim. Rep. 26; 48 S. W. 171. Stevens v. State, 42 Tex. Crim. Rep. 175; 59 S. W. 545.

We have examined the other matters complained of and think that no reversible error is shown in this case. The judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge. — Appellant renews the complaints of matters dealt with upon the original hearing.

Concerning bill of exceptions No. 1, no expression other than that made in the original opinion is deemed necessary.

Touching bill No. 2, the testimony like that of which complaint is made having come into the record without objection and being uncontroverted, its receipt would not warrant a reversal. In Wagner's case, 53 Tex. Crim. Rep. 306, in the opinion written by Judge Ramsey, it was said:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proved by other testimony not objected to."

A great number of cases are cited in the opinion. See Nichols v. State, 91 Tex. Crim. Rep. 279; Allen v. State, 99 Tex. Crim. Rep. 219.

The motion for rehearing is overruled.

*Overruled.*

---

Note.—The original opinion in this case is in Vol. 103, page 557, Tex. Crim. Reports.