## N. J. OSBORNE V. THE STATE.

No. 9740.   Delivered June 9, 1926.

Rehearing granted State, January 19, 1927.

Rehearing denied Appellant, March 23, 1927.

**1.— Assault to Rape — Evidence — Of Other Transactions — Improperly Admitted.**

Where, on a trial for rape, which resulted in a conviction of an assault with intent to rape, the state relying for a conviction on a transaction which occurred in Smith-Tomlinson hardware store, it was error to permit the state to prove two other transactions of the same character between appellant and prosecutrix, at different times and places.  But see opinion on rehearing by state.  Following Rosemond v. State, 263 S. W. 297; Rosemond v. State, 263 S. W. 1067, and Walker v. State, 261 S. W. 1070.

### ON REHEARING BY STATE.

**2.—Same—Evidence—Of Other Transactions—Properly Admitted.**

On rehearing by the state, a further consideration of the record leads us to believe we were in error in ordering a reversal of the case.  While it is the well settled rule, that ordinarily on a trial for rape, proof of other acts of intercourse between appellant and prosecutrix, than the act relied upon by the state for a conviction is not admissible, it is also the well recognized rule that acts showing intimacy, familiarity and association between the parties, but falling short of showing another act of intercourse, are always admissible.  See Branch's Ann. P. C., Subdiv. 4, Sec. 1788; Henard v. State, 47 Tex. Crim. Rep. 173, and other cases cited.

**3.—Same—Continued.**

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same facts are proven by other testimony not objected to."  The testimony of the two other transactions complained of, were also testified to by prosecutrix, without objection, and for that reason also, is not available to appellant as a basis for reversal.  See Rogers v. State, 26 Tex. Crim. App. 404, and other cases cited.

**4.—Same—Indictment—Not Duplicitous.**

Where an indictment charges rape, committed upon a female, under the age of consent, and charges in one count both rape by force, and rape upon a female under the age of consent, such indictment is not duplicitous.  This court discussed this matter at some length in Dyer v. State, 283 S. W. 802; also see Patton v. State, 287 S. W. 51.

**5.— Same — Statements of Accused — Not Made Under Arrest — Properly Admitted.**

Where appellant was seen in the act of indecently fondling prosecutrix on another occasion, and was carried before the mayor of Hillsboro, and released by him; after his release there was no error in permitting witness to testify that appellant stated to witness: "He had done wrong, and he was sorry of it, and he never would do it any more, and that he would get out of town, and stay away from the little girl."

**6.—Same—Child as a Witness—Competency—Rule Stated.**

Prosecutrix in this case was a little girl eight years of age.  Her tes-

timony was objected to on the ground that she was not a competent witness. The rule controlling the admission of the testimony of a child is, "The competency of a witness is primarily a matter to be determined by the judge presiding at the trial of the case, and his ruling will not ordinarily be overturned, unless it appears that in accepting the evidence, judicial discretion was abused. Following Nichols v. State, 99 Tex. Crim. Rep. 504, and other cases cited.

**7.—Same—Requested Charges—Covered by Main Charge—Properly Refused.**

It is well settled that where special charges are requested, and all of the issues presented in such requested charges have been fairly presented in the court's main charge, such special charges are properly refused.

ON REHEARING BY APPELLANT.

**8.—Same—Withdrawing Testimony—Proper Practice.**

While it is a well-established rule, that where illegal testimony has been admitted, without objection, and thereafter a motion is made to exclude it, the trial court should sustain the motion, we are of the opinion, beyond any question that the testimony of other transactions with prosecutrix by appellant, which did not amount to acts of intercourse, but all of which tended to show familiarity and intimacy existing, and frequent associations were properly admitted. See Adams v. State, 252 S. W. 597.

**9.—Same—Charge of Court—On Assault to Rape—No Error Shown.**

Where the court, in a rape case, charged the jury in substance, that if any person should take hold of a female, under the age of eighteen years, and handle her in such a manner, as under the circumstances of the particular case, demonstrates a present intent to at once so subject said female to his power, she consenting or not, as that he may accomplish the act of intercourse, he would be guilty of an assault with intent to rape, was a correct presentation of the law.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction of an assault with intent to rape, penalty sixty years in the penitentiary.

The opinion states the case.

*Frazier & Averitte* of Hillsboro, for appellant.

*Will M. Martin,* County Attorney of Hill County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

On admissibility of other acts of familiarity, not showing acts of sexual intercourse, the state cites: Henard v. State, 82 S. W. 655; Battles v. State, 140 S. W. 783; Clardy v. State, 147 S. W. 568; Gibbs v. State, 227 S. W. 1107, and Rosamond v. State, 276 S. W. 247.

BERRY, JUDGE.—The offense is assault to rape, and the punishment is sixty years in the penitentiary.

The prosecutrix in the case was Zoenell Livingston, a little girl eight years of age. The transaction which was submitted to the jury, and for which the appellant was convicted, occurred in Smith-Tomlinson's hardware store in the town of Hillsboro. Prosecutrix testified that the appellant carried her upstairs, behind some stoves, and had an act of intercourse with her. She was corroborated as to this transaction to the extent that other witnesses testified that prosecutrix and appellant were in the store, upstairs, at about the time, but was contradicted by medical testimony as to the fact of penetration. The appellant did not testify in his own behalf and no direct denial was made by him as to the transactions in the hardware store testified to by prosecutrix.

With the record in this condition, the state proved by two witnesses that at another and different time they saw appellant and prosecutrix in a back alley in the town of Hillsboro, and at that time prosecutrix was sitting down with her clothes up and the appellant was on his knees in front of her, and that he had his clothes open and his hand on his penis and had an erection, and that he had his other hand up under the prosecutrix's clothes. This testimony was properly objected to by the appellant, in that it did not serve to illustrate or shed light on any issue involved in the case and was proof of other and extraneous crimes. We think this testimony, under the record in this case, was not admissible. It is entirely sufficient to have justified the jury in believing that the appellant and prosecutrix were just attempting to begin or had just ended an act of intercourse at the time the witnesses stated they saw this transaction, and the testimony as to the act for which the appellant was on trial being positive and no question of intent, system, or motive being involved in the case, we fail to see how this evidence of another and separate transaction in any manner shed light on any issue involved in this case. The exact question has been presented many times before this court, and in many recent decisions we have held that evidence of other acts of intercourse between the parties is not admissible. Rosamond v. State, 263 S. W. 297; Rosamond v. State, 263 S. W. 1067; Walker v. State, 281 S. W. 1070. It is useless to write on this question again. It is fully discussed in the cases above cited and in many others that might be collated. Under the authorities, in view of the severe penalty assessed in this case, we would not be warranted in ignoring the

error committed in the admission of this testimony as being immaterial.

For the above error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS JUDGE.—The state's motion for rehearing has challenged our attention. A further consideration of the record leads us to believe we were in error in ordering a reversal of the judgment. To make clear the matter as it now appears to us it is necessary to make a more detailed statement than would ordinarily be called for.

It is revealed by bills of exception that the state called as a witness J. W. Little, City Marshal of Hillsboro. Before he testified, counsel for appellant stated to the court that they had talked to said witness and also to the witnesses, Mrs. Penny and Mrs. Landrum, and stated that each of them would testify to separate and distinct criminal offenses committed by appellant on the prosecuting witness, Zoenell Livingston, and that by said latter witness only could the state present any testimony indicating the complete offense of rape. (It would be well to remember that the offense for which appellant was on trial as alleged in the indictment was that of rape upon Zoenell Livingston, a little girl about eight years of age.) For the reasons given, appellant requested the court to direct counsel for the state to first place prosecutrix on the witness stand. This request being denied he objected to the testimony of Little, Mrs. Penny and Mrs. Landrum on the grounds heretofore stated. The objection was overruled. Little testified that about two months before the date of the alleged offense he saw appellant and prosecutrix go into the candy kitchen; that he watched them, and that while prosecutrix was eating ice cream appellant had his hand under the table feeling of prosecutrix and had his hand on her privates. The testimony of the two ladies is set out in the original opinion and it is unnecessary to restate it here. The transaction testified to by them appears to have occurred in the daytime in an alley in the city of Hillsboro. This court has had occasion many times to announce that proof of more than one act of intercourse in a prosecution for rape is ordinarily not admissi-

ble unless coming within some of the exceptions exemplified in the cases cited in the original opinion, but it has never departed from the well-recognized rule that acts showing intimacy, familiarity and association between the parties but falling short of showing another act of intercourse is always admissible. Branch's Ann. Tex. P. C., Subdiv. 4, Sec. 1788; Henard v. State, 47 Tex. Crim. Rep. 173, 82 S. W. 655; Battle v. State, 63 Tex. Crim. Rep. 147, 140 S. W. 785; Clardy v. State, 147 S. W. 570; Gibbs v. State, 88 Tex. Crim. Rep. 485, 227 S. W. 1107; Rosamond v. State, 101 S. W. 315, 276 S. W. 247. It may well be doubted if the testimony of Little as to the transactions occurring in the candy kitchen, and that of the two ladies as to what they observed in the alley, transcends the rule admitting testimony showing intimacy, familiarity and association between the parties. Aside from this, however, there is another reason why the admission of this evidence does not demand a reversal. Zoenell Livingston was called as a witness after the other parties had testified. The only objection urged to her testimony was that she was incompetent because not understanding the nature and obligation of an oath. This objection being overruled, the witness testified in detail to the transactions referred to by Little and the two ladies and also to appellant's conduct toward her at other times. She gave evidence as to a transaction which occurred upstairs over the hardware store at about the date of the indictment and some two weeks prior to the transaction in the alley. It is not necessary to go into the details of her evidence with reference to the transaction over the hardware store, it being sufficient to state that if her testimony had been received by the jury in its entirety it was sufficient to make out a complete case of rape, but the testimony of physicians indicated that penetration had not been accomplished and on this, evidently the jury based the verdict of assault with intent to rape. In testifying as to the transaction in the alley prosecutrix went further than the two ladies, prosecutrix claiming that appellant put her down on the ground, pulled her clothes up and started to get on top of her about the time the ladies came up. All of this testimony from the little girl went into the record without any objection being urged that it related to independent offenses. The court restricted the right to convict to the transaction alleged to have occurred upstairs over the hardware store. We quote from Wagner v. State, 53 Tex. Crim. Rep. 307, 109 S. W. 169.

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proven

by other testimony not objected to. See Rogers v. State, 26 Tex. App. 404, 9 S. W. 762; Walker v. State, 17 Tex. App. 16, Johnson v. State (Tex. Crim. App.), 26 S. W. 504; Stephens v. State (Tex. Crim. App.), 26 S. W. 728; Logan v. State, 17 Tex. App. 50; West v. State, 2 Tex. App. 460, and Carlisle v. State, 37 Tex. Crim. Rep. 108, 38 S. W. 991."

See also Gurski v. State, 93 Tex. Crim. Rep. 617, 248 S. W. 353.

The evidence of prosecutrix having gone before the jury without objection save that she was an incompetent witness, the objection theretofore urged to the testimony of Little and the two ladies about the same matters is not available to appellant as basis for reversal, even should it be conceded that the court committed error in admitting it in the first instance.

Having concluded that we were in error in the original opinion in reversing the case upon the point heretofore discussed, it is proper now to dispose of other questions presented in the record.

Bills of exceptions 1, 2, 5 and 6 relate to the question already disposed of and will not be further adverted to.

The indictment alleged that appellant made an assault upon prosecutrix; that she was under eighteen years of age and not appellant's wife, and that appellant did "ravish and have carnal knowledge" of prosecutrix. Appellant attacked the indictment on the ground that it was duplicitous in that it charged in one count both rape by force and rape upon a female under the age of consent, and did not apprise accused of what offense the state would seek to convict him. This court discussed the matter at some length in Dyer v. State, — Tex. Crim. Rep. —, 283 S. W. 802; Patton v. State, — Tex. Crim. Rep. —, 287 S. W. 51. Upon authority of those cases we think appellant's contention untenable.

Bills of exceptions 3 and 4 relate to the same matter. After the witness Little had observed the conduct of appellant toward prosecutrix in the candy kitchen he took appellant to the office of the mayor of Hillsboro and testified that after the mayor had released appellant he made the following statement to witness:

"He said he had done wrong and he was sorry of it, and he never would do it any more, and that he would get out of town and stay out of town and stay away from the little girl."

Upon cross-examination it developed that appellant remained in the mayor's office some five or ten minutes and left a few minutes after the mayor released him; that he had made practically the same statement to the mayor before he was released that he made to Little afterward. Objection was interposed to admitting in evidence the statement made to Little on the ground

that appellant was under arrest when it was made. After the facts were further developed on cross-examination a motion was made to have the court exclude the statement testified to by Little on the ground that appellant was either under arrest, or had been so recently released that he was still under a sense of restraint at the time it was made. We think the bills show no error in regard to the matter.

When the state offered prosecutrix as a witness objection was interposed that she was incompetent to testify, because not understanding the nature and obligation of an oath. Bills of exceptions 7 and 8 relate to this matter, and contain the evidence given by the witness. Both bills are explained by a statement from the trial judge that before the witness was permitted to testify he propounded to her a number of questions and satisfied himself as to her intelligence and understanding. The rule controlling was restated in the recent case of Nichols v. State, 99 Tex. Crim. Rep. 504, 270 S. W. 555, as follows:

"The competency of a witness is primarily a matter to be determined by the judge presiding at the trial of the case, and his ruling will not ordinarily be overturned unless it appears that in accepting the evidence judicial discretion was abused. Hawkins v. State, 27 Tex. App. 273, 11 S. W. 409; Charles v. State, 81 Tex. Crim. Rep. 457, 196 S. W. 179; Anderson v. State, 88 Tex. Crim. Rep. 307, 226 S. W. 414."

The same question is discussed in Hennington v. State, 101 Tex. Crim. Rep. 12, 274 S. W. 599. We observe nothing in the bills leading to the conclusion that the trial judge abused his discretion in permitting the witness to testify.

The other complaints presented are criticisms of the charge and because of refusal of certain special charges. Upon investigation of these complaints we find no error which in our opinion calls for a reversal. The charge given seems to have protected appellant in all his legal rights and therefore it became unnecessary to give any of the special charges requested.

The penalty inflicted is a severe one and this has caused us to give most careful attention to the record. While the age of the appellant does not appear directly from the record, yet it is in evidence that his wife testified that she and appellant had been married thirty-seven years. From this it is apparent that appellant was a man past middle life, yet the evidence shows persistent attention to the prosecutrix, in this case who was a child only eight years of age. His conduct toward her would result in the defilement of both her mind and body.

The state's motion for rehearing is granted, the judgment of reversal set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*

### ON MOTION. FOR REHEARING BY APPELLANT.

LATTIMORE, JUDGE.—Appellant devotes most of his motion to a discussion of the supposed error of the trial court in permitting testimony of various acts and transactions between appellant and the prosecutrix, each and all of which seem to have been admitted upon the ground that they showed intimacy and familiarity and association between the parties such as might lead the jury to conclude a greater likelihood of the commission of the offense. This matter was discussed and passed upon in our original opinion in which, after adhering to the general rule permitting such testimony, we further said that the testimony might be held admissible because the same facts substantially were given in evidence without objection by the prosecuting witness. Appellant's attack is upon the soundness of this last statement. A more careful examination of the record leads us to conclude that while appellant did not object to the testimony of prosecutrix regarding these transactions, when same was originally offered, yet we find that after the evidence was concluded appellant made a motion to exclude the testimony of prosecutrix on the particular point referred to in our opinion as having been given in testimony by her without objection. Many authorities might be cited as supporting the proposition that where illegal testimony has been admitted without objection and thereafter a motion is made to exclude it, the trial court should have sustained the motion. Branch v. State, 15 Tex. Crim. App. 96; Thomas v. State, 17 Tex. Crim. App. 437; Phillips v. State, 22 Tex. Crim. App. 139; Martin v. State, 67 S. W. 1115; Hearn v. State, 97 S. W. 1050; Clay v. State, 180 S. W. 277. However, we are of opinion that beyond any question the testimony was admissible as showing familiarity, friendship and association between appellant and the little girl. In the comparative recent case of Adams v. State, 252 S. W. 597, we had occasion to examine the authorities and reaffirm our adherence to the doctrine of the admissibility of such testimony. None of the transactions testified to by any of the other witnesses amounted to acts of intercourse between appellant and the prosecutrix. All of them tended to show familiarity between them, intimacy existing and frequent association, and all of

them tended to strengthen the likelihood of the commission of the offense as testified to by prosecutrix.

We are not in accord with appellant's complaint at the charge of the court which was in substance that the jury were told that if any person should take hold of a female under the age of eighteen years and handle her in such a manner as under the circumstances of the particular case demonstrates a present intent to at once so subject said female to his power, she consenting or not, as that he may now accomplish the act of intercourse, he would be guilty of assault with intent to rape. We are inclined to think the objections to this charge are not well founded.

Being unable to agree with either of the contentions made by appellant, his motion for rehearing will be overruled.

*Overruled.*