**BIGGERSTAFF v. STATE.   (No. 11235.)**

Court of Criminal Appeals of Texas.   Dec. 14, 1927.

Rehearing Denied Feb. 8, 1928.

1. **Indictment and information** ⬅119—**Indictment charging obtaining property by threats to kill held not objectionable for variance, charge that prosecuting witness was put in fear of bodily harm being surplusage (Pen. Code 1925, art. 1409).**

Indictment charging that defendant threatened to kill prosecuting witness if he did not pay defendant $3,000 and that prosecuting witness, by reason of being put in fear and believing that defendant would do him serious bodily injury if he did not do as commanded, delivered to defendant certain property *held* not objectionable for variance and contradiction; allegation as to fear of bodily injury being surplusage, and indictment without such allegation contain-

ing 'all elements of offense of unlawful acquisition of property by threats, within Pen. Code 1925, art. 1409.

**2. Threats ☞7—Evidence held to sustain conviction for unlawful acquisition of property by threats (Pen. Code 1925, art. 1409).**

Evidence that defendant threatened to kill prosecuting witness if he did not pay defendant $3,000 and that because of such treats prosecuting witness delivered automobile and certain other property to defendant *held* to sustain conviction for the unlawful acquisition of property by threats in violation of Pen. Code 1925, art. 1409.

**3. Criminal law ☞761(6)—Instruction defining "threat" as threat to kill, accompanied by exhibition of deadly weapons, held correct as against objection that it assumed pistol was deadly weapon (Pen. Code 1925, art. 1409).**

Where evidence in prosecution for obtaining property by threats in violation of Pen. Code 1925, art. 1409, showed that defendant pointed a pistol at prosecuting witness, instruction defining a "threat" to do an illegal act as a threat to kill a person, accompanied by the exhibition of deadly weapons or the semblance thereof in an angry and threatening manner calculated to alarm such person, *held* correct, as against objection that it improperly assumed that pistol was a deadly weapon, regardless of manner of its use; presumption being that, pistol was loaded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Threat.]

**4. Criminal law ☞402(1)—Admission in evidence of photostatic copy of money order without accounting for original held error (Pen. Code 1925, art. 1409).**

In prosecution for unlawful acquisition of property by threats in violation of Pen. Code 1925, art. 1409, admission in evidence of a photostatic copy of a telegraphic money order which prosecuting witness was alleged to have delivered to defendant, without accounting for the original order, *held* error.

**5. Threats ☞6—Under indictment alleging delivery of four articles because of threats, proof of delivery of any one would support conviction (Pen. Code 1925, art. 1409).**

Where indictment for unlawful acquisition of property by threats, under Pen. Code 1925, art. 1409, alleged the delivery of four different species of property, proof of the delivery of any one of such articles would support conviction.

**6. Criminal law ☞1169(1)—Improper admission in evidence of photostatic copy of money order in prosecution for obtaining property by threats held not prejudicial (Pen. Code 1925, art. 1409).**

In prosecution for the unlawful acquisition of property by threats in violation of Pen. Code 1925, art. 1409, improper admission in evidence of photostatic copy of telegraphic money order without accounting for original *held* not prejudicial error, where delivery of other articles of property charged in indictment was proved and conviction did not rest solely on delivery of the money order and facts respecting delivery of the

money order were fully testified to by prosecuting witness without objection.

On Motion for Rehearing.

**7. Criminal law ☞1169(2)—Improper admission in testimony is not reversible error, if same fact is proved by other testimony without objection.**

Improper admission of evidence is not cause for reversal, if the same fact is proved by other testimony without objection.

Commissioners' Decision.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

George J. Biggerstaff was convicted for the unlawful acquisition of property by threats, and he appeals. Affirmed.

Mathis & Caldwell, of Wichita Falls, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Appellant was indicted and convicted under article 1409 of the Penal Code for the unlawful acquisition of property by threats.

[1] Motion in arrest of judgment was presented and overruled questioning the sufficiency of the indictment, it being claimed, in substance, that since the indictment alleged a threat to kill one P. P. Robertson, followed by an allegation that Robertson only believed that appellant would inflict serious bodily injury upon him, a variance and contradiction results, since Robertson should have believed that appellant intended to kill him. After alleging that the appellant threatened to kill P. P. Robertson provided that said P. P. Robertson did not pay to the appellant the sum of $3,000, and other allegations not material to the point involved, the indictment continues:

"And the said P. P. Robertson did then and there, by reason thereof, and by reason of being in fear of the said George J. Biggerstaff and believing that the said George J. Biggerstaff would do him, said P. P. Robertson, serious bodily injury if he did not do as commanded and threatened by the said George J. Biggerstaff, delivered to the said George J. Biggerstaff the said property."

The last clause with reference to belief of serious bodily injury was surplusage. Omitting this clause altogether, the indictment contains all the statutory elements of the offense set out in article 1409 of the Penal Code and all the requisites for an indictment under this article held to be necessary in the case of Williams v. State, 34 Tex. Cr. R. 523, 31 S. W. 405. This being true, the court's action in overruling said motion was correct. This also disposes of appellant's contention that there was a variance between

---
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the allegations in the indictment and the proof.

[2] The sufficiency of the evidence to sustain the conviction is called in question. The case presents some rather interesting and unusual aspects. The prosecuting witness, Robertson, was visiting in Oklahoma. He was there introduced to a woman who desired to ride with him to Wichita Falls. They started together in witness' car, and after crossing the line into Texas and nearing the town of Electra, they were stopped. Robertson testified:

"A car drove around me and a man waved at me to stop. He got in front of me and stopped. I stopped, and he jumped upon my car, and the lady fell over in my lap and started to crying and said, 'That is my husband.' * * * He said 'Yes; I ought to kill you both. I promised myself that if I ever caught her with a man, I would kill them both.' He was talking to me, and I told him to go on and take his wife, that I had not injured her in any way. * * * He asked me to get out of the car and go behind the car, and when we went behind the car, she said, 'Please don't kill him, George,' and he said he would have to have $3,000; that he had spent $3,000 trying to find her."

Witness further testified, in substance, that he told appellant he could not get the $3,000, upon which appellant told him that he had a good Ford, and that he could give him $500 in money and sign a note for $500, and he would let him off. He further testified:

"As to why I delivered the car to him, well, I thought I had to. He threatened to kill me, and I believe he would have killed me if I did not do what he said."

The testimony further shows that while the lady lay weeping in the sanctuary of witness' lap, the appellant refused to be comforted, although assured by witness that his itinerant spouse had been a perfect lady. He continued apparently much excited over the slain honor of his errant wife. The property described in the indictment was promised and finally delivered to appellant by witness, and then his former excitement faded like Goldsmith's "glimmering landscape." A triumphant peace filled his soul. Tennyson's lines appropriately describe his healed wounds: "The jingle of the guinea helps the hurt that honor feels." It subsequently developed that she of the weeping eyes was not the wife of appellant. Indeed, she was not, apparently, anybody's wife. She was a "delusion and a snare"; a modern Delilah who had shorn this old country boy of his property while watering his shirt bosom with spurious tears. Witness was disillusioned. Appellant was arrested. The property which witness had been wept and threatened out of was found in appellant's possession in the state of Oklahoma. He was tried, convicted, and given five years. The evidence is abun-

dantly sufficient. There was no controversy about the facts. A verdict of guilty is not surprising in the light of the evidence shown in the record. Indeed, there was no excuse for any other.

[3] A threat to do an illegal act was defined by the court as "a threat to kill a person, when accompanied by the exhibition of deadly weapons or the semblance thereof in an angry and threatening manner calculated to alarm such person." Exception was made to this paragraph because it assumed that the pistol shown to have been used by appellant was a deadly weapon when it is not per se a deadly weapon, but depends upon the manner of its use. It appears from the testimony that appellant pointed his pistol at the prosecuting witness when he demanded the $3,000. This pistol was not used or attempted to be used as a bludgeon, and the presumption is that it was loaded, in the absence of proof to the contrary. Under these circumstances, it was a deadly weapon. Lockland v. State, 45 Tex. Cr. R. 87, 73 S. W. 1054. See, also, Cromwell v. State, 60 Tex. Cr. R. 183, 131 S. W. 595; Ford v. State, 51 Tex. Cr. R. 443, 102 S. W. 404. The court's charge was correct.

[4-6] A photostatic copy of a Western Union money order for $500 was introduced without accounting for the original. The reception of this evidence was error. Photographs of this character are not regarded as primary evidence. Underhill, Crim. Evidence, par. 90; Wigmore, par. 797. See, also, Cox v. State, 100 Tex. Cr. R. 172, 272 S. W. 490. However, it does not follow that such prejudicial error was committed as would require a reversal. Article 1409, P. C., only requires the delivery of "any property." The indictment alleged the delivery of four different species of property; namely, one Western Union money transfer, one Ford automobile, one promissory note, and one check. Proof of the delivery of any of these under the circumstances set out in the indictment would support a conviction. The state could have rested its case solely upon proof of the delivery of the automobile. It was one transaction, and the same proof necessary to establish one established all. A reversal might have to follow the reception of the above evidence if the indictment had charged only the acquisition of this particular article, but the state does not rely for a conviction solely upon proof that this one article was acquired, and proof of it was not necessary in view of the evidence with reference to the passing of the other three articles. It is never necessary under an indictment, for example, charging theft from the person to prove that all of the property alleged to have been stolen from the person was taken; proof of any part is sufficient. Grissom v. State, 40 Tex. Cr. R. 147, 49 S.

W. 93; Sims v. State, 64 Tex. Cr. R. 435, 142 S. W. 572. We hold therefore that the improper admission of evidence which went only to prove an unnecessary allegation does not constitute reversible error, it not appearing to be of a prejudicial character. Then, too, the facts with reference to the acquisition of this article by appellant were fully testified to by witness without objection.

We do not believe there is any merit in the complaint of the court's charge to the effect that it failed to require the jury to find that at the particular time he gave his property to appellant he was at that time fearing appellant would kill him. The court's charge, we think, sufficiently covers this issue, and its length precludes setting same out in this opinion.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. [7] The opinion ordering the affirmance of the judgment is attacked upon the ground that the introduction of the copy of the money order should operate to reverse the judgment. We fail to perceive the importance of the details of the express money order. As the testimony is understood, proof was clearly made that the appellant and Robertson went together to the telegraph office; that Robertson wired for $500; that his wire was honored and a money order for $500 was delivered to the appellant. After this proof was made, the photographic copy of the money order was introduced in evidence. That the appellant got the money order is not the subject of controversy. In Wagner's Case, 53 Tex. Cr. R. 307, 109 S. W. 169, it is said:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proved by other testimony not objected to. See Rogers v. State, 26 Tex. App. 404, 9 S. W. 762; Walker v. State, 17 Tex. App. 16; Johnson v. State [Tex. Cr. App.] 26 S. W. [504]; Stephens v. State [Tex. Cr. App.] 26 S. W. 728; Logan v. State, 17 Tex. App. 50; West v. State, 2 Tex. App. 460; and Carlisle v. State, 37 Tex. Cr. R. 108, 38 S. W. 991."

Improperly receiving evidence, as indicated in the opinion of this court written by Judge Ramsey from which the above quotation is taken, does not necessarily work a reversal of the judgment. See, also, Nichols v. State, 91 Tex. Cr. R. 280, 238 S. W. 232; Koontz v. State, 92 Tex. Cr. R. 19, 241 S.

W. 160; Windham v. State, 93 Tex. Cr. R. 480, 248 S. W. 51; Gurski v. State, 93 Tex. Cr. R. 614, 248 S. W. 353; Cathey v. State, 94 Tex. Cr. R. 600, 252 S. W. 534; Bennett v. State, 95 Tex. Cr. R. 74, 252 S. W. 790; Allen v. State, 98 Tex. Cr. R. 221, 265 S. W. 580; Ables v. State, 101 Tex. Cr. R. 482, 276 S. W. 268; Asher v. State, 102 Tex. Cr. R. 172, 277. S. W. 1099; Thomas v. State, 103 Tex. Cr. R. 673, 282 S. W. 237; Houston v. State, 105 Tex. Cr. R. 68, 286 S. W. 237; Osborne v. State, 106 Tex. Cr. R. 314, 292 S. W. 240.

The motion is overruled.