**Booker T. HORN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43382.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

Grady Inzer, Longview, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

Gilbert Spring, B. L. Collins, Lufkin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

ROBERTS, Judge.

## OPINION

This is an appeal from a conviction for the offense of aggravated assault on a peace officer. The punishment assessed by the jury was 75 days imprisonment in the county jail and a fine of $400.

Appellant assigns three grounds of error, all relating to the complaint and information. It is contended that the complaint and information fail to set out in plain and intelligible language the acts of the accused, the mode, manner or means by which the offense was committed, and that the complaint and information did not give notice of what he was required to answer and defend.

The complaint and information in this cause, omitting the formal parts, read as follows: "Booker T. Horn did then and there unlawfully in and upon L. D. Rhame did commit an aggravated assault; the said L. D. Rhame then and there being an officer, to-wit: Texas Highway Patrolman of said County, and then and there in the lawful discharge of the duties of said office, and the said Booker T. Horn, then and there being informed and knowing that the said L. D. Rhame was then and there an officer discharging an official duty."

This Court, in Thompson v. State, Tex. Cr.App., 426 S.W.2d 242, upheld an almost identical complaint and information from practically the same grounds of error and said, "* * * that the information is sufficient to properly inform the accused[s] of the accusation against [him]." Also see: McGruder v. State, Tex.Cr.App., 377 S.W.2d 191; Cromwell v. State, 60 Tex. Cr.R. 183, 131 S.W. 595.

Complaint and information being sufficient, grounds of error are overruled, and the case is affirmed.