IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| CECIL RAY COLLINS, | * | C.C.A. # 03C01-9704-CR-00148 |
| Appellant, | * | JOHNSON COUNTY |
| VS. | * | Hon. Lynn W. Brown, Judge |
| STATE OF TENNESSEE, | * | (Petition for Writ of Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Cecil Ray Collins, pro se
NECC #209223
P.O. Box 5000
Mountain City, TN  37683

For Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

On July 8, 1992, the petitioner, Cecil Ray Collins, entered a plea agreement to second degree murder and received a Range II rather than a Range I sentence. On December 4, 1996, the petitioner filed for a writ of habeas corpus in the Criminal Court of Johnson County. He alleged that his guilty plea was neither knowingly nor voluntarily made and, among other things, that his counsel was ineffective. The trial court dismissed the petition without an evidentiary hearing. In this appeal of right, the petitioner concedes the validity of his guilty plea but argues that his Range II sentence is illegal in violation of Tenn. Code Ann. § 40-35-106(b)(5), that his counsel was ineffective, and that the trial court erred by dismissing his petition without the appointment of counsel for an evidentiary hearing.

We affirm the judgment.

After a review of the petition, the trial court entered an order of dismissal on the following grounds:

> As grounds[,] the petitioner alleges that he was unaware of the significant consequences of ... his guilty plea and that his attorney ... was ineffective. All of these grounds must be presented in a petition for post-conviction relief in the Criminal Court for Knox County. However, the three (3) year statute of limitations for post-conviction relief [barred any petition after] July, 1995.

> Relief by habeas corpus is available ... only when it appears on the face of the judgment or record that the trial court was without jurisdiction to convict or sentence the petitioner, or that the sentence of imprisonment has otherwise expired. The relief requested by the petitioner in this cause is not available by habeas corpus.

Habeas corpus relief is limited to instances where the petitioner establishes by a preponderance of the evidence that the judgment is void on its face or that the term of imprisonment has expired. <u>State ex rel. Hall v. Meadows</u>, 389

2

S.W.2d 256, 259 (Tenn. 1965). If a petition fails to state a cognizable claim, the petition may be dismissed summarily. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

If a petitioner attempts to set aside a conviction because of the abridgment of a constitutional right, the statutory post-conviction procedure is the single means of relief. Luttrell v. State, 644 S.W.2d 408 (Tenn. Crim. App. 1982). In this instance, classification of the petition as one for post-conviction relief, as is authorized by statute, see Tenn. Code Ann. § 40-30-108 (repealed 1995), would have resulted in a time-barred dismissal. See Tenn. Code Ann. § 40-30-102 (repealed 1995); Archer v. State, 851 S.W.2d 157 (Tenn. 1993). The failure to advise the defendant fully of rights waived by the entry of a guilty plea renders the judgment voidable rather than void. See Passarella, 891 S.W.2d at 627-28. While there is a three-year statute of limitations upon actions for post-conviction relief, Tenn. Code Ann. § 40-30-102 (repealed 1995),[1] habeas corpus has no statutory period of limitations. A petitioner may not, however, file a habeas corpus action as a means of circumventing the statute of limitations contained in the Post-Conviction Procedure Act. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer, 851 S.W.2d at 164.

While the petitioner concedes in this appeal that the guilty plea was knowingly and voluntarily entered, the trial court, in our view, properly rejected the

---

[1]The most recent Post-Conviction Procedure Act provides for a one-year statute of limitations. Tenn. Code Ann. § 40-30-202 (Supp. 1996).

claim. This action seeks to set aside the conviction based in part upon the failure of counsel to adequately represent the petitioner. We view that as an attack upon a voidable rather than a void judgment. See Passarella, 891 S.W.2d at 627-28. The writ of habeas corpus is available only upon an expiration of the sentence or a showing of deficiency on the face of the judgment. Neither has been shown here.

In Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), our supreme court ruled that a Range II sentence imposed under a plea bargain, even though the defendant would otherwise qualify as only a Range I offender, was valid so long as the plea was knowingly and voluntarily made. Thus, the petitioner would not be entitled to relief on the merits of the claim whether made through a habeas corpus or post-conviction petition.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge

4