Jeff Wagner v. The State.

No. 4284.  Decided March 20, 1908.

**1.—Local Option—Evidence—Facts Proved by Other Witnesses—Contemporaneous Facts.**

Where upon trial for a violation of the local option law, the same facts as to possession of other whisky, to which defendant objected, were proved by other witnesses without objection, there was no error. Besides, the testimony was admissible to show that defendant was in possession of intoxicating liquors in such quantities as to raise a reasonable presumption that it was bought for sale and not for use; such possession being contemporaneous with the alleged unlawful sale, which defendant denied. Qualifying Lane v. State, 50 Texas Crim. Rep., 335; Henderson v. State, 49 Texas Crim. Rep., 269; McKinley v. State, 52 Texas Crim. Rep., 182; Parish v. State, 48 Texas Crim. Rep., 578; Baughman v. State, 49 Texas Crim. Rep., 33.

**2.—Same—Evidence—Refreshing Memory of Witness.**

Upon trial for violation of the local option law there was no error in permitting a State's witness to examine a statement made by him before the grand jury, for the purpose of refreshing his recollection as to the date he was before the grand jury, and with a view of fixing definitely the time of the alleged sale.

**3.—Same—Charge of Court—Date of Offense.**

Upon trial of a violation of the local option law, there was no error in refusing a special charge which limited the time in which the State must prove its case to a shorter time than the statutory period of two years prior to the presentment of the indictment, the court having correctly charged the law upon this issue.

Appeal from the County Court of Hunt. Tried below before the Hon. J. W. Manning.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*H. D. Wood*, for appellant.—Cited cases in opinion.

*F. J. McCord*, Assistant Attorney-General and *C. A. Leddy*, County Attorney, for the State.—On the question of admitting testimony of contemporaneous possession of intoxicating liquors: Drye v. State, 40 Texas Crim. Rep., 125, 55 S. D. Rep., 65. On question of refusing special charge: Wolfe v. State, 25 Texas Crim. App., 699; Vincent v. State, 10 Texas Crim. App., 330; Hoy v. State, 11 Texas Crim. App., 33; Cohen v. State, 20 Texas Crim. App., 224; Drye v. State, 40 Texas Crim. Rep., 125; 55 S. W. Rep., 65.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Hunt County with the offense of selling intoxicating liquors in violation of the local option law.

R. H. Smith testified directly and positively that sometime in the month of October, 1907, he bought a pint of whisky from appellant. This was denied by appellant and he interposed among other defenses, that of an alibi.

Complaint is made that the court erred in permitting the county attorney to prove by the defendant, who became a witness in his own behalf, that about the 12th or 14th of October, 1907, he receipted and received from the express office a package weighing about forty-five pounds, and which contained three gallons of whisky. The objections to this testimony were so general as to make it doubtful whether they could or should be considered. They are to the effect, in substance, that the evidence was immaterial and irrelevant, and because the State's testimony showed the sale to have occurred either Wednesday, Thursday or Friday. If, however, they could be considered at all, a sufficient answer to the objections is, that the same facts were proven on the trial by other witnesses and without objection. It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Texas Crim. App., 404; Walker v. State, 17 Texas Crim. App., 16; Johnson v. State, 26 S. W. Rep., 504; Stephens v. State, 26 S. W. Rep., 728; Logan v. State, 17 Texas Crim. App., 50; West v. State, 2 Texas Crim. App., 460, and Carlisle v. State, 37 Texas Crim. Rep., 108. We believe, however, that this testimony, under any objection that could have been made, was admissible for this reason: The State was contending and proved that appellant had made a sale in prohibited territory of intoxicating liquors in violation of law. The defendant's testimony and contention was, that no such sale had been made. With the issue thus sharply drawn and with a view of supporting this contention, it was competent as confirmatory of the testimony of this witness to show that defendant had such an amount of whisky as forbid any reasonable presumption that he had it for his own immediate use; therefore, showing some motive or probability and occasion for appellant to desire to sell it; and again, as a circumstance to show that he was in a position to make a sale and deliver whisky on such sale. It would clearly be admissible where a defendant stood charged with a sale of intoxicating liquors for him to show by any evidence that would establish the fact, that he did not make such sale, that he had no whisky; that he had bought none; that none had been given to him; none sent or delivered to him; and, therefore, it was impracticable and unlikely, if indeed not impossible, for him to have sold whisky. There is no reason why a similar rule should not apply in prosecution by the State. It cannot be that a different rule will apply in favor of defendant than that which should apply in favor of the State. Evidence is admitted to establish the truth of contested issues of fact, and is the means by which

the truth of controversies are settled and established. To the average juror seeking the truth, would it not have some probative force and effect in a case where a sale was asserted in the evidence on one side and denied by the defendant on the other, to show the possession of whisky reasonably contemporaneous with the sale, in such quantities as to raise a reasonable presumption that it was bought for sale and not for use, and as further showing that the party charged with the offense had the ability to deliver the goods, the sale of which is charged. There seems to be no escape in reason from this conclusion.

Again, it was contended there was error in permitting a witness to examine a statement made by him before the grand jury for the purpose of refreshing his recollection as to the date he was before the grand jury with a view of fixing definitely the time of the alleged sale and that same was antecedent to the indictment on which appellant was prosecuted. It appears from the record that the indictment was returned on the 18th day of October. The testimony of the witness was that the sale was made about the 10th of October. The nearness of the indictment to the sale left the matter in some doubt as to whether the sale was prior to the indictment. With a view of refreshing the memory of the witness he was permitted to examine a statement made by him before the grand jury, and after doing so he testified that he was before the grand jury on the 18th day of October, 1907, and that the sale about which he had testified occurred prior to that time. He was neither requested nor permitted to state what he testified before the grand jury, nor the contents of anything contained in the statement, nor was the statement itself read or exhibited to the jury. We do not see how the defendant could be injured by or could justly complain of the admission of this evidence.

Appellant complains that the court erred in refusing to give a special instruction requested by him. This charge was as follows: "You are further instructed that before you can find the defendant guilty, in this case, you must believe from the evidence that the sale, if one was made, was made on some date after the first day of October, 1907, and if you do not so believe you will acquit the defendant." The court instructed the jury that if they believed beyond a reasonable doubt that such sale was made on or about the 10th day of October, 1907, and within two years before the presentment of the indictment, they would convict appellant. It would, we think, be clearly erroneous for the court to have given the special instruction or any charge which limits the time in which the State must prove its case to a lesser time than the statutory period of two years prior to the presentment of the indictment. See Wolf v. State, 25 Texas Crim. App., 698; Vincent v. State, 10 Texas Crim. App., 330; Cohen v. State, 20 Texas Crim. App., 224; and Drye v. State, 40 Texas Crim. Rep., 125; 55 S. W. Rep., 65.

We have carefully examined the entire record in the light of appellant's brief, which clearly presents the issues raised on the trial, and

we believe there is no merit in any of them. So believing the judgment of the court below is affirmed.

*Affirmed.*

ON REHEARING.

March 20, 1908.

RAMSEY, JUDGE.—The motion for rehearing in this case raises a number of questions. The only one which we deem it necessary to notice is the assignment questioning the correctness of the opinion, which in effect held that it was competent for the State to offer evidence in confirmation of its claim of the unlawful sale of intoxicating liquors, that the seller had contemporaneously with such sale, in his possession a large amount of whisky. The motion attacks this position with great vigor, and contends that the opinion of the court is at variance with the former holdings of this tribunal in the cases of Lane v. State, 50 Texas Crim. Rep., 335; 15 Texas Ct. Rep., 882; Henderson v. State, 49 Texas Crim. Rep., 269; 15 Texas Ct. Rep., 570; McKinley v. State, 52 Texas Crim. Rep., 182; 20 Texas Ct. Rep., 350; Parish v. State, 48 Texas Crim. Rep., 578; 14 Texas Ct. Rep., 10; and Baughman v. State, 49 Texas Crim. Rep., 33; 14 Texas Ct. Rep., 254.

It was also stated, as if it was a matter of reproach, that the holding of the court in the opinion heretofore rendered is not based upon any authority, and that none is cited by the court in its support. That the decision is along new lines in this State is not to be denied; that it is in conflict to some extent with the cases cited, and probably other cases, is not questioned, and was fully understood at the time the opinion was delivered. It was written with full knowledge of what had heretofore been held by this court, but represented the best thought, and the deliberate conviction of the court, see Biddy v. State, decided at the present term. It was based on what occurs to us such conclusive reasons, and upon principles so obvious and evident, that we felt that the law should be so written and declared. We then thought, as we now think, that no defendant had the conclusive right to shield himself from wrongdoing under the former holding of this or any other court. There can be, as we believe, no such thing as a vested right to commit crime, and when we reached the conclusion that the interest of society, the due enforcement of the law, its proper interpretation, and the good of the commonwealth require that a rule should be written more in consonance with reason and more in accord, as we conceive, with common sense and logic, it was so written in the opinion deliberately, and with due consideration of all there was implied in it. . We do not care to elaborate the reasons for the holding in the original opinion. The reasons there given are, as we believe, so evident and so conclusive they ought to meet and will meet on reflection, general acceptance by the profession.

The motion is overruled.

*Overruled.*