TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00398-CR







Juana Castillo, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 505,458, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 Appellant Juana Castillo appeals from her conviction for the offense of displaying
an insurance document that she knew was fictitious and counterfeit. See Tex. Trans. Code Ann.
§ 548.603 (West 1999). The trial court assessed appellant's punishment at confinement in the
Travis County jail for sixty days and a fine of $1,000. Imposition of the sentence was suspended
and appellant was placed on community supervision for one year. The sole issue presented for
review as framed by appellant is:  "The Appellant asserts that the testimony of Judge Elizabeth
Earle was in violation of the Defendant's constitutional rights to a fair trial and an impartial
judiciary. Consequently, the results of Judge Earle's investigation should have been suppressed." 
The sufficiency of the evidence is not an issue. We will affirm the judgment.

 A pretrial motion to suppress evidence and a comprehensive brief supporting the
motion were filed. Appellant wanted to suppress the expected testimony of Judge Elizabeth Earle,
a City of Austin Municipal Court Judge. Appellant did not obtain a hearing or get a ruling on her
motion to suppress. Therefore, the issue presented is not based on the motion to suppress but is
based on a trial objection to Judge Earle's testimony. This is clear: When the trial court
inquired, "You do have a motion to suppress in here?" Defense counsel answered, "We made
a trial objection."

 On April 14, 1999, the case was called for trial, announcements of ready were
made, and appellant waived a jury trial and entered a not guilty plea before the court. Judge Earle
was the State's only witness. Judge Earle testified that appellant, who had a case pending in
Municipal Court, appeared on June 16, 1998. On that day, Judge Earle was conducting a
"mitigation court" in which defendants could "talk to the judge directly." Appellant was charged
with the failure to have motor vehicle liability insurance. In order to have her case dismissed, she
presented Judge Earle a "Texas Liability Insurance Card" purportedly issued by Double S
Insurance Company as proof that she was covered by sufficient liability insurance to satisfy the
Motor Vehicle Safety Responsibility Act. See Tex. Trans. Code Ann. §§ 601.051, .053 (West
1999). Judge Earle testified that appellant insisted the card she presented was valid and was proof
that she had automobile liability insurance as required by law. The card was identified by Judge
Earle, marked as an exhibit, and offered in evidence in the instant case. When the card was
offered in evidence, defense counsel stated, "No objection." At defense counsel's request, the
trial court allowed defense counsel to question Judge Earle on voir dire "for the purpose of
framing an objection." On voir dire, Judge Earle testified that after appellant presented the
"insurance card" to her she retired to her chambers. Judge Earle then called and talked to a
representative of the Double S Insurance Company. (1) The company representative told Judge Earle
that the card was "false" and that appellant did not have coverage during the time period stated
on the card. Judge Earle told appellant of her conversation with the insurance representative and
instructed a police officer assigned to her court to arrest appellant for presenting the fictitious and
counterfeit card. Appellant was charged with the offense for which she has now been convicted.

 After Judge Earle's voir dire testimony, defense counsel objected to her testimony
relating to the information she received from the insurance company representative. Counsel
urged that by calling the insurance company Judge Earle "acted as a prosecutor in a prosecutorial
fashion, an investigatory function and as an adversary instead of a neutral and detached judge, and
that that action violated the right to a fair trial and a tribunal which is a basic due process right." 
After a colloquy between counsel and the court, the parties agreed to dismiss the other witnesses
and to stipulate the remainder of the evidence. The court did not rule on appellant's objection,
and explained that it would follow the usual practice of allowing the parties to research and argue
the issue before ruling it ruled on the objection. The court then granted "a mid-trial continuance." 



 On June 9, 1999, the case was again called and continued; no ruling on the
appellant's objection was sought. No new evidence was offered; both defense counsel and the
State referred to the stipulated evidence, (2) then reviewed the evidence and argued before the Court. 
The court then addressed appellant:


THE COURT:  Okay. Ms. Castillo, hablas Ingles?


THE DEFENDANT:  Uh-huh.


THE COURT:  Would you stand. Based on the evidence I've heard, I'm going to
find you guilty of the offense of displaying a fictitious insurance document.


Now, what we can do is we can do sentencing now or reset it for sentencing. 
What would you-all like to do?


[DEFENSE COUNSEL]:  We would like to do sentencing.


THE COURT:  Have you talked to the State as to what they are going to do?


[DEFENSE COUNSEL]:  No, we have not.


THE COURT:  Why don't you talk to them first and see what it is they are going
to recommend. Let me say one thing. Is there anything that you-all would like me
to put on the record for purposes of appeal. State?


[PROSECUTOR]: No, Your Honor.


[DEFENSE COUNSEL]:  Well, you're obviously overruling our motion to
suppress based on the conduct of Judge Earle.


THE COURT:  We'll deny the motion to suppress.


[DEFENSE COUNSEL]:  That's all.



 To preserve a complaint for appellate review, the record must show that the trial
court ruled either expressly or implicitly on the objection that is the basis for the complaint. See
Tex. R. App. P. 3.31(a)(2)(A). To show error in the admission of evidence, the record must
show a specific, timely objection followed by the overruling of the objection by the trial court. 
See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Venhaus v. State, 950
S.W.2d 158, 164 (Tex. App.--El Paso 1997, pet. ref'd). "To preserve error for review a
defendant must receive an adverse ruling on his objection, and the ruling must be conclusory; that
is, it must be clear from the record that the trial judge overruled the defendant's objection;
otherwise error is waived." Powell v. State, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994); see
also Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Martinez v. State, 867
S.W.2d 30, 33 (Tex. Crim. App. 1993); McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim.
App. 1992); Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991); Darty v. State, 709
S.W.2d 652, (Tex. Crim. App. 1986); Donavin v. State, 611 S.W.2d 91, 97 (Tex. Crim. App.
1981). Moreover, error may not be predicated upon a ruling which admits or excludes evidence
unless a substantial right of the party is affected. See Tex. R. Evid. 103(a).

 Not until after the court found appellant guilty of the charged offense did defense
counsel observe, "Well, you're obviously overruling our motion to suppress based on the conduct
of Judge Earle." If this comment can be construed as a request for the trial court to rule not on
appellant's motion to suppress but on appellant's objection made earlier in the trial, the objection
was untimely. Therefore, the issue presented on appeal was not preserved for appellate review
because appellant failed to secure a timely ruling by the court. The record here is unlike that in
Rey v. State, 897 S.W.2d 333 (Tex. Crim. App. 1995). In Rey, the defendant twice requested
the court to make a ruling and then stated for the record that the court had denied his motion and
neither the court or the State corrected counsel's statement. See Rey, 897 S.W.2d at 336-37; Fain
v. State, 986 S.W.2d 666, 680 (Tex. App.--Austin 1998, pet. ref'd).

 However, if the record may be construed in such a way that the untimely ruling of
the trial court preserved for review the claimed error, for yet another reason, the error was
waived or rendered harmless. "Where the same evidence . . . is presented elsewhere during trial
without objection, no reversible error exists." McFarland, 845 S.W.2d at 840; see also Johnson
v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990); Anderson v. State, 717 S.W.2d 622, 628
(Tex. Crim. App. 1986).


Our rule, therefore, is that overruling an objection to evidence will not result in
reversal when other such evidence was received without objection, either before
or after the complained-of ruling. This rule applies whether the other evidence
was introduced by the defendant or the State. [citations omitted] The rule has never
been otherwise, so far as we know. In Wagner v. State, 53 Tex. Crim. 306, 307,
109 S.W. 169, 169 (1908), we said, "It is well settled in this state that the
erroneous admission of testimony is not cause for reversal, if the same fact is
proven by other testimony not objected to. See . . . . West v. State, 2 Tex. App.
460 [1877] . . . . "



Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

 The gist of Judge Earle's voir dire testimony, to which appellant objected, was that
the insurance company representative told Judge Earle that appellant was not covered by liability
insurance during the period of time shown on the card appellant presented and that the card was
"false." Appellant stipulated that "Ms. Juarez [the insurance company representative] would have
testified that the certificate [card] presented by defendant was false and fictitious." In addition,
the proof of liability insurance card appellant presented to Judge Earle was admitted in evidence
with defense counsel stating "no objection." Inspection of the card reveals that it was
counterfeit--an imitation made with intent to deceive. The effective date shown on the card is
2/5/97 and the expiration date is 8/5/97. The numbers "5" and "9" were obviously made with
a different font than were the other numbers "5" and "9" that appear on the card. The difference
in the fonts was called to the trial court's attention. Because substantially the same evidence as
that to which appellant objected was admitted without objection, the error complained of was
waived.


 The issue presented fails to show error. The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Smith, Yeakel and Dally*

Affirmed

Filed: May 25, 2000

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Although Judge Earle did not testify concerning the reason that caused her to call the
insurance company representative, her reason for doing so is apparent; the face of the card showed
evidence of alteration.
2. The parties stipulated that:


The defendant, Juana M. Castillo, stipulates to the offense report in Cause Number
505458 for the charge of fictitious insurance. In addition, the defendant stipulates
that the witness Herminia Juarez, if she had testified, would have testified to the
information which follows. Herminia Juarez would have testified that on June 16,
1998 she had a conversation with Judge Elizabeth Earle by telephone. After
speaking to Judge Earle she spoke to Juana Castillo on the telephone. Herminia
Juarez would testify that during this telephone conversation Juana Castillo said that
Double S Insurance had sold her the document for twenty dollars in cash and as a
part of that agreement Ms. Juarez would always say it was valid if asked. Herminia
Juarez told Judge Earle that the document was not valid. She conducted a search
of company records, pursuant to her position as custodian of records, and at the
time stated on the insurance certificate (State's exhibit #1 attached) she found that
Juana M. Castillo did not have insurance through Double S Insurance, although the
defendant did have insurance with that company on a prior date. Ms. Juarez would
have further testified that the certificate presented by the defendant was false and
fictitious. All this occurred in Travis County, Texas.


The offense report mentioned in the stipulation is not a part of this record.



STYLE="font-family: CG Times Regular">Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

 The gist of Judge Earle's voir dire testimony, to which appellant objected, was that
the insurance company representative told Judge Earle that appellant was not covered by liability
insurance during the period of time shown on the card appellant presented and that the card was
"false." Appellant stipulated that "Ms. Juarez [the insurance company representative] would have
testified that the certificate [card] presented by defendant was false and fictitious." In addition,
the proof of liability insurance card appellant presented to Judge Earle was admitted in evidence
with defense counsel stating "no objection." Inspection of the card reveals that it was
counterfeit--an imitation made with intent to deceive. The effective date shown on the card is
2/5/97 and the expiration date is 8/5/97. The numbers "5" and "9" were obviously made with
a different font than were the other numbers "5" and "9" that appear on the card. The difference
in the fonts was called to the trial court's attention. Because substantially the same evidence as
that to which appellant objected was admitted without objection, the error complained of was
waived.


 The issue presented fails to show error. The judgment is affirmed.



 


 Carl