IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00121-CR

No. 10-04-00122-CR

 

Howard Milton Shook,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court Nos. 7734 and 7738

 



Opinion



 








          A jury convicted Howard Milton Shook
of assaulting a public servant and evading arrest or detention in a motor
vehicle.  The jury assessed his punishment at ten years for the assault charge
and two years for the evading charge and assessed a $10,000 fine for each. 
Shook contends in three points that the court abused its discretion by: (1)
permitting the arresting officer to provide hearsay testimony; (2) permitting
the State to cross-examine him about a prior assault on his girlfriend; and (3)
permitting the State to impeach him with a prior felony conviction not shown to
be final.  We will affirm.

          The two offenses arose from Falls
County Sheriff’s Deputy Jason Campbell’s efforts to serve two arrest warrants
on Shook.  Campbell testified that he decided it would be safer to serve the
warrants on Shook during a traffic stop away from Shook’s home because Shook had
made threatening remarks to him during a prior encounter at Shook’s home.  Campbell set up surveillance on Shook’s home and waited for Shook to leave.

          When Shook left the premises, Campbell pulled in behind him and activated the overhead lights of his patrol car to stop
him.  Shook then accelerated his pickup, and Campbell activated the siren and
radioed for assistance.  Shook was driving between forty and fifty miles per
hour at this point.

          Campbell shot a rear tire of Shook’s
pickup.  Despite the flattening tire, Shook continued for some distance before
the pickup drove into a bar ditch.  Shook got out of the pickup, and Campbell noticed that he had something in his hand.  Campbell ordered Shook to “Drop it
and get down,” but Shook refused.  Campbell charged toward him and tackled him.

          Campbell ordered Shook to drop what he
was holding.  Shook refused, and a struggle ensued.  Campbell hit Shook in the
face twice before he dropped what he was holding.[1] 
 Campbell rolled Shook over and attempted to handcuff him, but Shook continued
to fight.  After Campbell got Shook in a “choke hold,” Shook relented.  When Campbell released his grip to handcuff Shook however, Shook got out of his grasp and
started toward his house, which was about four-tenths of a mile away.

          Campbell caught up to Shook and
tackled him again.  After another struggle, Shook again escaped from his grasp
and continued toward the house.  Campbell again caught up to him, and both of
them were out of breath at this point.  Shook was not affected when Campbell used pepper spray on him twice.  After another struggle, Campbell abandoned the
encounter and returned to his patrol car to await back-up.

          Shook’s testimony differed
significantly from Campbell’s.  Shook denied that he had made threatening
remarks during a prior encounter at his house.  He testified that he tried to pull
over as soon as he saw Campbell’s overhead lights, until Campbell shot the tire. 
He testified that Campbell’s car rear-ended his pickup and force him off the
road.  Shook testified that he tried to surrender as soon as he exited the
pickup but Campbell tackled him anyway.  He testified that he fought back only
because Campbell had attacked him without provocation.

          The parties do not dispute that Shook
turned himself in several days after the altercation.

Hearsay

          Shook contends in his first point that
the court abused its discretion by permitting Deputy Campbell to provide
hearsay testimony about Shook assaulting his girlfriend Christy Curbello.  The
State responds that Shook failed to preserve this issue, that the testimony was
admissible in response to cross-examination to explain Campbell’s actions, and
that any error was rendered harmless by Shook’s admission that he assaulted
Curbello.

          One of the two arrest warrants which Campbell was attempting to serve on Shook was for assaulting Curbello.  During cross
examination, defense counsel questioned Campbell about the assault investigation
and about his relationship to Curbello.  On redirect examination, the
prosecutor questioned Campbell further about the assault investigation.  Campbell testified that when he arrived at the scene Curbello “had a disheveled
appearance, pretty apparent that she had been involved in an altercation.  She
stated that . . .”

          Defense counsel objected on the basis
of hearsay.  The court overruled the objection.  Campbell then testified that
Curbello told him “Mr. Shook had come to the fireworks stand, had grabbed her,
lumped her up a little bit—by that, I mean he had assaulted her—and attempted
to drag her off into the pickup and leave.”

          Moments later, Campbell testified
without objection that Curbello “indicated” to him that Shook and she “were
living together,” “were boyfriend and girlfriend,” and “that she had her
belongings at Mr. Shook’s residence.”

          The State is correct that Shook failed
to preserve the issue of whether this latter testimony was inadmissible hearsay
because he failed to object.  See Tex.
R. Evid. 103(a)(1); Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).  However, Shook’s objection did preserve the issue of whether Campbell should have been allowed to testify about Curbello’s statements to him about how
Shook assaulted her.

          The State suggests that this testimony
was not offered to prove the truth of the matter asserted and was admissible to
explain the basis for Campbell’s decision to serve the warrants away from
Shook’s home, which had been called into question during cross-examination.  We
disagree with this assertion however, because the lawfulness of Campbell’s actions had not been called into question.

          [T]estimony by an officer that he went
to a certain place or performed a certain act in response to generalized “information
received” is normally not considered hearsay because the witness should be
allowed to give some explanation of his behavior.  But details of the
information received are considered hearsay and are inadmissible—unless the
officer’s conduct has been challenged, for instance, as lacking probable cause.

 

Poindexter v. State, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005)
(citing Schaffer v. State, 777 S.W.2d 111, 114-15 (Tex. Crim. App. 1989)).

          As the Court explained in Schaffer:

          An officer’s actions may be made an
issue before the jury, see Article 38.23, V.A.C.C.P., and thus it may be
necessary for the officer to testify not only how he happened upon the scene,
but also the specific information received so that the jury may resolve any
issues regarding an officer’s actions.

 

777 S.W.2d at 115 n.4.[2] 
Because of the Court’s reference to article 38.23 as the basis for allowing an
officer to testify about out-of-court statements, we conclude that this
principle of admissibility applies only when the lawfulness of a search or
seizure has been called into question by the defense.  See Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2005).

          The State may also offer out-of-court
statements in evidence without violating the hearsay rule to explain why the
defendant became the subject of the investigation.  See Dinkins v. State,
894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Powell v. State, 151 S.W.3d 646,
653 (Tex. App.—Waco 2004, pet. granted); Schneider v. State, 951 S.W.2d 856,
864 (Tex. App.—Texarkana 1997, pet. ref’d); Oberg v. State, 890 S.W.2d 539,
542 (Tex. App.—El Paso 1994, pet. ref’d).

          Here, Shook challenged the manner in
which Campbell decided to serve the arrest warrants on Shook but not the
legality of Campbell’s decision to serve the warrants away from Shook’s home or
the legality of the warrants themselves.  The details of Shook’s assault on
Curbello were unnecessary to explain how Shook became the subject of Campbell’s investigation.  To the extent that Shook may have “opened the door” on the
issue of whether Campbell believed it would be safer to serve the arrest
warrants away from Shook’s house, this “opened door” did not excuse the State
from compliance with the Rules of Evidence.  See Kipp v. State, 876
S.W.2d 330, 337 (Tex. Crim. App. 1994) (plurality); Daniels v. State, 25
S.W.3d 893, 898 (Tex. App.—Houston [14th Dist.] 2000, no pet.); Cardenas v. State, 971 S.W.2d 645, 651 (Tex. App.—Dallas 1998, pet.
ref’d).  Thus, the court abused its discretion by admitting the testimony at
issue.

          We must now determine whether this
error affected Shook’s substantial rights.  See Tex. R. App. P. 44.2(b).  The State contends that any error
was rendered harmless because Shook admitted on cross-examination that he had
assaulted Curbello.  We disagree.  Admitting that the assault occurred does not
render harmless the improper admission of testimony describing details of the
assault.  Cf. Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim.
App. 1998) (“the erroneous admission of testimony is not cause for reversal, if
the same fact is proven by other testimony not objected to”) (emphasis
added) (quoting Wagner v. State, 53 Tex. Crim. 306, 109 S.W. 169, 169
(1908)); Chapman v. State, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th
Dist.] 2004, pet. ref’d) (“improper admission of evidence is not reversible
error if the same or similar evidence is admitted without objection”)
(emphasis added).

          We “consider everything in the record,
including any testimony or physical evidence admitted for the jury’s
consideration, the nature of the evidence supporting the verdict, the character
of the alleged error and how it might be considered in connection with other
evidence in the case.”  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); accord Geuder v. State, 142 S.W.3d 372, 376 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  In reviewing the entire record, we may
consider the jury instructions, the State’s theory of the case, any defensive
theories, closing arguments, voir dire, the strength of the evidence of the
defendant’s guilt, and the extent to which the State emphasized the erroneously
admitted evidence.  See Motilla, 78 S.W.3d at 355-56; Geuder, 142
S.W.3d at 376.

          Here, the extraneous assault was not
discussed during voir dire or opening statements.  Campbell’s testimony about
the details of the assault did not arise until redirect examination, after
Shook had cross-examined him about his contention that he feared a violent
encounter if he tried to serve the arrest warrants on Shook at his house.  The
issue was not mentioned again until the State’s cross-examination of Shook.  The
State did not emphasize the details of the assault during closing argument.

          Shook contends that the erroneous
admission of this testimony had a substantial impact on his claim of self-defense
or made him appear less credible before the jury.  We disagree.  The State did
not argue that the prior assault was a reason to reject Shook’s self-defense
argument.  The State placed little emphasis on the assault other than to place
the events leading up to the altercation between Campbell and Shook in
perspective.  The State made no further mention of the details of the assault.

          Thus, we are convinced that the error
“did not have a substantial and injurious effect or influence in determining
the jury’s verdict.”  Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  Accordingly, we overrule Shook’s first point.

 

 

Impeachment With Details of Prior Assault

          Shook contends in his second point
that the court abused its discretion by permitting the State to cross-examine
him about assaulting Curbello.  The State responds that Shook objected to only
two of the State’s questions on this subject, that the first question was
relevant to an issue raised by Shook on direct examination, and any error arising
from the second question was rendered harmless because he had already admitted
without objection that he assaulted Curbello.

          During cross-examination, Shook
conceded without objection that he had assaulted Curbello.  On further
questioning, he testified that she hit him first “with her open fist on the
ear.”  Shook’s counsel objected on the basis of relevance when the prosecutor
asked whether that hurt.  The prosecutor responded that it was relevant to
impeach Shook’s prior testimony that his ear was hurting two days after the
altercation with Campbell.[3] 
We cannot say that the court’s admission of this evidence was “outside the zone
of reasonable disagreement.”  See Apolinar v. State, 155 S.W.3d 184, 186
(Tex. Crim. App. 2005); Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1991).

          By the second question to which Shook
objected, the State inquired further about the details of the prior assault. 
As we have already explained however, the details of the assault are irrelevant. 
Shook’s admission without objection that he assaulted Curbello does not render
harmless the improper admission of testimony describing details of the assault. 
Neverthless, for the reasons given hereinabove, this error “did not have a
substantial and injurious effect or influence in determining the jury’s
verdict.”  Garcia, 126 S.W.3d at 927.  Accordingly, we overrule Shook’s
second point.

Impeachment With Prior Conviction

          Shook contends in his third point that
the court abused its discretion by permitting the prosecutor to impeach him
with a prior felony conviction which was not shown to be final.  However, Shook
objected only on the basis of relevance.  Thus, he did not preserve this issue
for appellate review.  See Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Ester v. State, 151 S.W.3d 660, 663 (Tex. App.—Waco 2004, no
pet.).  Accordingly, we overrule Shook’s third point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed August 3, 2005

Publish

[CR25]

 









[1]
          It was later determined that
Shook was holding a flashlight.





[2]
          Article 38.23(a) of the Code of
Criminal Procedure provides:

 

                        No evidence
obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of
the United States of America, shall be admitted in evidence against the accused
on the trial of any criminal case.

 

                        In any case
where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).





[3]
          The assault on Curbello occurred
on the day before the altercation.