**Howard Milton SHOOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–04–00121–CR, 10–04–00122–CR.**

Court of Appeals of Texas,
Waco.

Aug. 3, 2005.

Rehearing Overruled Sept. 6, 2005.

---

Walter M. Reaves, West, for appellant.

Kathryn J. Gilliam, Falls County Dist. Atty., Marlin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Howard Milton Shook of assaulting a public servant and evading arrest or detention in a motor vehicle. The jury assessed his punishment at ten years for the assault charge and two years for the evading charge and assessed a $10,000 fine for each. Shook contends in three points that the court abused its discretion by: (1) permitting the arresting officer to provide hearsay testimony; (2) permitting the State to cross-examine him about a prior assault on his girlfriend; and (3) permitting the State to impeach him with a prior felony conviction not shown to be final. We will affirm.

The two offenses arose from Falls County Sheriff's Deputy Jason Campbell's efforts to serve two arrest warrants on Shook. Campbell testified that he decided it would be safer to serve the warrants on Shook during a traffic stop away from Shook's home because Shook had made threatening remarks to him during a prior encounter at Shook's home. Campbell set up surveillance on Shook's home and waited for Shook to leave.

When Shook left the premises, Campbell pulled in behind him and activated the overhead lights of his patrol car to stop him. Shook then accelerated his pickup, and Campbell activated the siren and radioed for assistance. Shook was driving between forty and fifty miles per hour at this point.

Campbell shot a rear tire of Shook's pickup. Despite the flattening tire, Shook continued for some distance before the pickup drove into a bar ditch. Shook got out of the pickup, and Campbell noticed that he had something in his hand. Campbell ordered Shook to "Drop it and get down," but Shook refused. Campbell charged toward him and tackled him.

Campbell ordered Shook to drop what he was holding. Shook refused, and a struggle ensued. Campbell hit Shook in the face twice before he dropped what he was holding.[1] Campbell rolled Shook over and attempted to handcuff him, but Shook

---

1. It was later determined that Shook was holding a flashlight.

continued to fight. After Campbell got Shook in a "choke hold," Shook relented. When Campbell released his grip to handcuff Shook however, Shook got out of his grasp and started toward his house, which was about four-tenths of a mile away.

Campbell caught up to Shook and tackled him again. After another struggle, Shook again escaped from his grasp and continued toward the house. Campbell again caught up to him, and both of them were out of breath at this point. Shook was not affected when Campbell used pepper spray on him twice. After another struggle, Campbell abandoned the encounter and returned to his patrol car to await back-up.

Shook's testimony differed significantly from Campbell's. Shook denied that he had made threatening remarks during a prior encounter at his house. He testified that he tried to pull over as soon as he saw Campbell's overhead lights, until Campbell shot the tire. He testified that Campbell's car rear-ended his pickup and force him off the road. Shook testified that he tried to surrender as soon as he exited the pickup but Campbell tackled him anyway. He testified that he fought back only because Campbell had attacked him without provocation.

The parties do not dispute that Shook turned himself in several days after the altercation.

### Hearsay

■ Shook contends in his first point that the court abused its discretion by permitting Deputy Campbell to provide hearsay testimony about Shook assaulting his girlfriend Christy Curbello. The State responds that Shook failed to preserve this issue, that the testimony was admissible in response to cross-examination to explain Campbell's actions, and that any error was rendered harmless by Shook's admission that he assaulted Curbello.

One of the two arrest warrants which Campbell was attempting to serve on Shook was for assaulting Curbello. During cross examination, defense counsel questioned Campbell about the assault investigation and about his relationship to Curbello. On redirect examination, the prosecutor questioned Campbell further about the assault investigation. Campbell testified that when he arrived at the scene Curbello "had a disheveled appearance, pretty apparent that she had been involved in an altercation. She stated that ..."

Defense counsel objected on the basis of hearsay. The court overruled the objection. Campbell then testified that Curbello told him "Mr. Shook had come to the fireworks stand, had grabbed her, lumped her up a little bit—by that, I mean he had assaulted her—and attempted to drag her off into the pickup and leave."

Moments later, Campbell testified without objection that Curbello "indicated" to him that Shook and she "were living together," "were boyfriend and girlfriend," and "that she had her belongings at Mr. Shook's residence."

■ The State is correct that Shook failed to preserve the issue of whether this latter testimony was inadmissible hearsay because he failed to object. *See* Tex.R. Evid. 103(a)(1); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App.2004). However, Shook's objection did preserve the issue of whether Campbell should have been allowed to testify about Curbello's statements to him about how Shook assaulted her.

■ The State suggests that this testimony was not offered to prove the truth of the matter asserted and was admissible to explain the basis for Campbell's decision to serve the warrants away from Shook's

home, which had been called into question during cross-examination. We disagree with this assertion however, because the lawfulness of Campbell's actions had not been called into question.

> [T]estimony by an officer that he went to a certain place or performed a certain act in response to generalized "information received" is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior. But details of the information received are considered hearsay and are inadmissible—unless the officer's conduct has been challenged, for instance, as lacking probable cause.

*Poindexter v. State*, 153 S.W.3d 402, 408 n. 21 (Tex.Crim.App.2005) (citing *Schaffer v. State*, 777 S.W.2d 111, 114–15 (Tex.Crim. App.1989)).

■ As the Court explained in *Schaffer*:

> An officer's actions may be made an issue before the jury, see Article 38.23, V.A.C.C.P., and thus it may be necessary for the officer to testify not only how he happened upon the scene, but also the specific information received so that the jury may resolve any issues regarding an officer's actions.

777 S.W.2d at 115 n. 4.[2] Because of the Court's reference to article 38.23 as the basis for allowing an officer to testify about out-of-court statements, we conclude that this principle of admissibility applies only when the lawfulness of a search or seizure has been called into question by the defense. *See* Tex.Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

■ The State may also offer out-of-court statements in evidence without violating the hearsay rule to explain why the defendant became the subject of the investigation. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex.Crim.App.1995); *Powell v. State*, 151 S.W.3d 646, 653 (Tex.App.-Waco 2004, pet. granted); *Schneider v. State*, 951 S.W.2d 856, 864 (Tex.App.-Texarkana 1997, pet. ref'd); *Oberg v. State*, 890 S.W.2d 539, 542 (Tex.App.-El Paso 1994, pet. ref'd).

Here, Shook challenged *the manner* in which Campbell decided to serve the arrest warrants on Shook but not the legality of Campbell's decision to serve the warrants away from Shook's home or the legality of the warrants themselves. The details of Shook's assault on Curbello were unnecessary to explain how Shook became the subject of Campbell's investigation. To the extent that Shook may have "opened the door" on the issue of whether Campbell believed it would be safer to serve the arrest warrants away from Shook's house, this "opened door" did not excuse the State from compliance with the Rules of Evidence. *See Kipp v. State*, 876 S.W.2d 330, 337 (Tex.Crim.App.1994) (plurality); *Daniels v. State*, 25 S.W.3d 893, 898 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Cardenas v. State*, 971 S.W.2d 645, 651 (Tex.App.-Dallas 1998, pet. ref'd). Thus, the court abused its discretion by admitting the testimony at issue.

---

**2.** Article 38.23(a) of the Code of Criminal Procedure provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex.Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

■ We must now determine whether this error affected Shook's substantial rights. *See* Tex.R.App. P. 44.2(b). The State contends that any error was rendered harmless because Shook admitted on cross-examination that he had assaulted Curbello. We disagree. Admitting that the assault occurred does not render harmless the improper admission of testimony describing details of the assault. *Cf. Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim.App.1998) ("the erroneous admission of testimony is not cause for reversal, if *the same fact* is proven by other testimony not objected to") (emphasis added) (quoting *Wagner v. State*, 53 Tex.Crim. 306, 109 S.W. 169, 169 (1908)); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) ("improper admission of evidence is not reversible error if the *same or similar evidence* is admitted without objection") (emphasis added).

■ We "consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex.Crim.App.2002); *accord Geuder v. State*, 142 S.W.3d 372, 376 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd). In reviewing the entire record, we may consider the jury instructions, the State's theory of the case, any defensive theories, closing arguments, voir dire, the strength of the evidence of the defendant's guilt, and the extent to which the State emphasized the erroneously admitted evidence. *See Motilla*, 78 S.W.3d at 355–56; *Geuder*, 142 S.W.3d at 376.

Here, the extraneous assault was not discussed during voir dire or opening statements. Campbell's testimony about the details of the assault did not arise until redirect examination, after Shook had cross-examined him about his contention that he feared a violent encounter if he tried to serve the arrest warrants on Shook at his house. The issue was not mentioned again until the State's cross-examination of Shook. The State did not emphasize the details of the assault during closing argument.

Shook contends that the erroneous admission of this testimony had a substantial impact on his claim of self-defense or made him appear less credible before the jury. We disagree. The State did not argue that the prior assault was a reason to reject Shook's self-defense argument. The State placed little emphasis on the assault other than to place the events leading up to the altercation between Campbell and Shook in perspective. The State made no further mention of the details of the assault.

Thus, we are convinced that the error "did not have a substantial and injurious effect or influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex.Crim.App.2004). Accordingly, we overrule Shook's first point.

### Impeachment With Details of Prior Assault

■ Shook contends in his second point that the court abused its discretion by permitting the State to cross-examine him about assaulting Curbello. The State responds that Shook objected to only two of the State's questions on this subject, that the first question was relevant to an issue raised by Shook on direct examination, and any error arising from the second question was rendered harmless because he had already admitted without objection that he assaulted Curbello.

During cross-examination, Shook conceded without objection that he had assaulted Curbello. On further questioning, he testified that she hit him first "with her open fist on the ear." Shook's counsel objected on the basis of relevance when the prosecutor asked whether that hurt. The prosecutor responded that it was relevant to impeach Shook's prior testimony that his ear was hurting two days after the altercation with Campbell.[3] We cannot say that the court's admission of this evidence was "outside the zone of reasonable disagreement." *See Apolinar v. State,* 155 S.W.3d 184, 186 (Tex.Crim.App.2005); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991).

By the second question to which Shook objected, the State inquired further about the details of the prior assault. As we have already explained however, the details of the assault are irrelevant. Shook's admission without objection that he assaulted Curbello does not render harmless the improper admission of testimony describing details of the assault. Nevertheless, for the reasons given hereinabove, this error "did not have a substantial and injurious effect or influence in determining the jury's verdict." *Garcia,* 126 S.W.3d at 927. Accordingly, we overrule Shook's second point.

### Impeachment With Prior Conviction

Shook contends in his third point that the court abused its discretion by permitting the prosecutor to impeach him with a prior felony conviction which was not shown to be final. However, Shook objected only on the basis of relevance. Thus, he did not preserve this issue for appellate review. *See Ibarra v. State,* 11 S.W.3d 189, 197 (Tex.Crim.App.1999); *Ester v. State,* 151 S.W.3d 660, 663 (Tex.App.-

Waco 2004, no pet.). Accordingly, we overrule Shook's third point.

We affirm the judgment.

---

3. The assault on Curbello occurred on the day before the altercation.