IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00413-CV

 

In the
Matter of

the
Marriage of

David
Wayne Hutchins

and

Teresa
Lynn  Hutchins

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 10-298A

 



MEMORANDUM  Opinion










 

            David Wayne Hutchins is in prison and
filed for a divorce in the county where he is incarcerated.  The trial court
dismissed Hutchins’s petition for divorce because Hutchins is not a resident of
the county.  See Tex. Fam. Code
Ann. § 6.301 (West 2006).  We affirm.

            Hutchins has not paid the filing fee
in this appeal but a motion to proceed as a pauper has been filed.  The court
reporter and the trial court clerk have not yet been presented with the
opportunity to contest the motion.  Briefs have not yet been filed.  We have reviewed
the record and have determined that we could wrestle with this appeal for
another three to four months before affirming it.  However, for the purpose of
expediting the disposition of this appeal, we suspend operation of the Rules of
Appellate Procedure under Rule 2 of those rules and proceed to a disposition of
this appeal.  See Tex. R. App. P.
2.

            In response to questions proposed by
the trial court after Hutchins filed his divorce petition, Hutchins expressed
no interest in remaining in Freestone County, the county of his imprisonment,
once he is released from prison.  The trial court does not abuse its discretion
in dismissing a petition for divorce when an inmate expresses no intent to
remain in the county of his imprisonment after his release.  Gonzales v.
Gonzales, No. 12-03-00225-CV, 2003 Tex. App. LEXIS 10774 (Tex. App.—Tyler Dec. 23, 2003, no pet.) (mem. op.); see In re Marriage of Harvey, No. 10-05-00235-CV, 2005 Tex. App. LEXIS 4452 (Tex. App.—Waco June 8, 2005, no pet.).  Accordingly, we affirm the judgment of the trial court.

            Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007).  See also Tex.
R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 5; Tex. Gov’t Code Ann.
§ 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West 2009).  Under these
circumstances, we suspend the rule and order the Clerk to write off all unpaid
filing fees in this case.  Tex. R. App.
P. 2.  The write-off of the fees from the accounts receivable of the
Court in no way eliminates or reduces the fees owed by Hutchins.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed December 22, 2010

[CV06]






#160;                
O P I N I O N
                                                                                                                

      Following a running argument with his wife and a brief argument with his fifteen-year-old
son, Larry Wayne Haynes, who had been drinking beer, got his shotgun. Seconds later his son,
Matthew, was dead of a close-range shotgun blast to the head. Haynes was indicted for murder,
but a jury convicted him of the lesser-included offense of manslaughter, presumably because there
was evidence that the shooting may have been the result of “reckless” behavior rather than
intentional behavior. Tex. Pen. Code Ann. § 19.04 (Vernon 1994). The jury assessed
punishment at twenty years in prison.
      Haynes raises two issues on appeal:



      1.   The court erred in submitting an instruction to the jury about intoxication.
      2.   The court erred in admitting evidence of Haynes’s intoxication.
We will affirm the judgment.
Jury Instruction on Intoxication
      In the guilt-innocence charge, the court, over defense counsel’s objection, included this
instruction: 
You are instructed that a person is deemed to be intoxicated within the meaning of the
law when such person does not have the normal use of his physical and mental faculties
by reason of the introduction of alcohol or other substances into the body. You are
further instructed that voluntary intoxication is not a defense to commission of crime.

The instruction comes from the Penal Code:
      § 8.04   Intoxication
            (a)  Voluntary intoxication does not constitute a defense to the commission of crime.
 
            (b)  Evidence of temporary insanity caused by intoxication may be introduced by the
actor in mitigation of the penalty attached to the offense for which he is being tried.
 
            (c)  When temporary insanity is relied upon as a defense and the evidence tends to show
that such insanity was caused by intoxication, the court shall charge the jury in
accordance with the provisions of this section.
 
            (d)  For purposes of this section “intoxication” means disturbance of mental or physical
capacity resulting from the introduction of any substance into the body.

Id. § 8.04 (Vernon 1994).
      Haynes argues that the instruction is only appropriate when the defendant presents an
“intoxication-insanity” defense during the punishment phase of trial. If, as here, the defendant
does not rely on “intoxication” at all, then to include the instruction in the guilt-innocence charge
is a harmful judicial comment on the evidence, i.e., it implies that the judge believes the defendant
was intoxicated.
      Haynes relies heavily on Gonzales v. State, 838 S.W.2d 848, 866 (Tex. App.—Houston [1st
Dist.] 1992, pet. dism’d). On appeal from a murder trial, the Houston court reversed a conviction
on a lesser-included charge of voluntary manslaughter due to “sudden passion,”


 because the trial
court gave an instruction in the guilt-innocence charge virtually identical to the one in the present
case. The Houston court said the instruction violated article 36.14, which says in part: “. . . the
judge shall . . . deliver to the jury . . . a written charge . . . not expressing any opinion as to the
weight of the evidence, not summing up the testimony, discussing the facts or using any argument
in his charge calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2002). Whether the defendant was intoxicated was
a major issue in the case, the State claiming he was and the defendant denying it. Gonzales, 838
S.W.2d at 866. The court, citing the Court of Criminal Appeals, determined that the instruction
is proper during the guilt-innocence phase only if the defendant claims as a defense that he was
too intoxicated to have committed the offense. Id. (referring to Jaynes v. State, 673 S.W.2d 198,
201-02 (Tex. Crim. App. 1984) (instruction appropriate in a “stop-and-render-aid” case when
defendant claimed that, because of excessive use of alcohol, she did not know she had struck
anyone with her car); Evilsizer v. State, 487 S.W.2d 113, 114-17 (Tex. Crim. App. 1972)
(instruction appropriate when defendant claimed he had a brain syndrome caused by long-term
excessive use of alcohol, and the syndrome caused insanity during the offense); Valdez v. State,
462 S.W.2d 24, 27 (Tex. Crim. App. 1970) (instruction appropriate when defendant claimed he
was asleep during the crime from too much alcohol)). The Houston court found that the effect of
the instruction was to imply to the jury that the judge agreed with the State on this issue. 
Gonzales, 838 S.W.2d at 867.
      The Court of Criminal Appeals more recently discussed section 8.04 in Taylor v. State, 885
S.W.2d 154 (Tex. Crim. App. 1994). The defendant claimed that due to psychosis, she did not
know right from wrong when she murdered her child; the State countered that her use of marijuana
triggered the psychotic reaction. Id. at 155. The defendant objected to the court’s submission of
an instruction under section 8.04. Id. The Court explained that subsection “a” refers to the guilt-innocence phase of trial, subsection “b” refers to the punishment phase, and subsection “c” is a
non-exclusive provision concerning the jury charge. Id. at 156. Thus, subsection “c” does not
control whether an instruction is required under subsection “a” at the guilt-innocence phase.


 Id.
at 157. The defendant need not have advanced a defense based on intoxication. Id. at 158. “[I]f
there is any evidence from any source that might lead a jury to conclude that the defendant’s
intoxication somehow excused his actions, an instruction is appropriate.” Id.
      The evidence at Haynes’s trial was hotly contested about whether Haynes was intoxicated,
with both sides presenting witnesses to either prove (the State) or disprove (Haynes) that he was. 
At no time did Haynes attempt to rely on any defense based on intoxication; he argued that the
shooting was an accident. Evidence of intoxication was presented by the State and not the
defense—the State’s theory was that Haynes killed his son in a drunken rage. However, a jury
could have concluded that Haynes lacked the “intent” for murder because he was intoxicated. 
Because, under Taylor, evidence of intoxication “from any source that might lead a jury to
conclude that the defendant’s intoxication somehow excused his actions” allows for the instruction,
the instruction was appropriate, and the court did not err in giving it.
      We overrule the issue.
Evidence of Intoxication
      To prove its theory of the case, the State wanted to show that Haynes was intoxicated at the
time of the shooting. The State called three witnesses on this issue. A neighbor testified that
Haynes was frequently intoxicated. Haynes’s brother testified that Haynes was “a little buzzed”
at the time of the shooting which would take a lot of beer because Haynes drank every day. 
Matthew’s girlfriend testified that when she and her grandmother would drop Matthew off at
home, Haynes was usually asleep from drunkenness. Haynes argues that this evidence is
inadmissible under Rule 404(b). Tex. R. Evid. 404(b).
      As the State points out, the testimonies of Haynes’s brother and Matthew’s girlfriend were
not objected to, which forfeits any complaint relative to them. Tex. R. Evid. 103; Tex. R. App.
P. 33.1. As for the neighbor’s testimony, we note that Rule 406 allows for evidence of a “habit”
if relevant, as Haynes’s drinking habit was here. But regardless of that, evidence of Haynes’s
previous drinking came in through the testimony of his brother and Matthew’s girlfriend. “[I]t
is well settled that an error in admission of evidence is cured where the same evidence comes in
elsewhere without objection; defense counsel must object every time allegedly inadmissible
evidence is offered.” Hernandez v. State, 914 S.W.2d 226, 233 (Tex. App.—Waco 1996, no pet.)
(citing Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984)). As the Court of Criminal
Appeals said in Leday v. State:
Our rule, therefore, is that overruling an objection to evidence will not result in reversal
when other such evidence was received without objection, either before or after the
complained-of ruling. This rule applies whether the other evidence was introduced by
the defendant or the State. [citations omitted] The rule has never been otherwise, so far
as we know. In Wagner v. State, 53 Tex. Crim. 306, 307, 109 S.W. 169, 169 (1908),
we said, "It is well settled in this state that the erroneous admission of testimony is not
cause for reversal, if the same fact is proven by other testimony not objected to. See .
... West v. State, 2 Tex. App. 460 [1877] . . . . ."

Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). The Court discussed whether the
rule is one of waiver or harmless error, but did not definitively state which it is. Id. Regardless,
based on the rule, we overrule the issue.



Conclusion
      Having overruled Haynes’s issues, we affirm the judgment.


                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 21, 2002
Publish
[CR25]